[No. 4444.]

GEORGE MEYER *v.* M. C. METZLER.

NUISANCE IN THE EYE OF THE LAW.—If two men own adjoining lots, and one of them has erected a brick building on his lot, the wall of which leans so as to project over the lot of the other and over a low wooden building thereon, so as to prevent the raising and repairing of the wooden building, the brick wall is a nuisance, and its maintenance imports damage to the other party, notwithstanding the fact that the brick wall is safe and secure.

APPEAL from the County Court, County of El Dorado.

The plaintiff owned a lot in the city of Placerville, county of El Dorado, fronting on Main street, on which there was a one-story frame building, nineteen feet two inches in width, and forty-eight feet in depth, which was built in 1856 by the plaintiff and one Smidt. The plaintiff occupied this building as a saloon, and had purchased Smidt's inter-

est. The defendant owned a lot adjoining plaintiff's lot on the east, on which was a two-story brick building, erected in 1853. In 1856 a fire destroyed the woodwork of the brick building, but, after the fire, the building was refitted and occupied. In 1861 the defendant built a new brick building on the rear part of the old one, and both were used as one building. The brick building extended back eleven feet beyond the wooden building on the plaintiff's lot. The foundation of the brick building was on the land of the defendant, and at the surface of the ground it was one inch from the sill of the wooden building. The brick wall sloped gradually over the plaintiff's lot from the bottom to the top. The plaintiff's building was out of repair, and he notified defendant, in June, 1874, that he desired to repair and raise it, and requested him to move the brick wall. The walls of the brick building did not lean more when this suit was tried than when the plaintiff constructed his building.

The court below did not find any damage, and found, as a conclusion of law, that the wall was not a nuisance, and rendered judgment for the defendant. The plaintiff appealed.

The other facts are stated in the opinion.

*Geo. E. Williams*, for Appellant, cited 1 Hilliard on Torts, 549; *Baten's Case*, 9 Coke, 53; *Peuruddock's Case*, 5 Id. 100; *Tucker* v. *Newmann*, 11 Ad. & E. 40.

*Geo. G. Blanchard and Ogden Squires*, for the Respondent.

A suit for the abatement of a nuisance is an equitable action, and the object sought to be destroyed must be shown plainly to be a nuisance before it can be removed by decree. (*Miss. & Mo. R. R. Co.* v. *Ford*, 2 Black U. S. 495.)

It is difficult to understand how the building of the defendant, which is found to have been built and in its present condition before the construction of plaintiff's building, with "walls safe and secure," and "not liable to fall or endanger plaintiff's building, or the life of any one," can be said to be an obstruction to the free use of plaintiff's property, so as to interfere with the comfortable enjoyment of life or property.

By the COURT:

The entire west wall of the defendant's two-story brick building, both that portion of it erected in 1856 and the northerly portion of it erected some five years later, leans to the west of a perpendicular line, and projects over the one-story wooden building of the plaintiff, which adjoins it on the west. The greatest projection—upwards of eight inches—is at the southeast corner of plaintiff's building. At the northern termination of the west wall of the old building the projection is some five and one-half inches. It appears that the new portion of defendant's building—that commencing to the northward and rear of the old building—was purposely built to lean over the building of the plaintiff, so as to make its line conform to the west wall of the old building, which had toppled to the west, in consequence of the fire of 1856, or some other cause.

The court below, notwithstanding this condition of the west wall of the defendant's building, was of opinion, and accordingly found the fact to be, that the west wall and the entire building of the defendant are safe and secure, and not liable to fall or endanger the plaintiff's building. But even if this conclusion be accepted, we are of opinion that the judgment is wrong upon other grounds. It is found as a fact that the projection of the defendant's west wall *prevents the plaintiff from raising and repairing his own building*, which improvement it is also found that he is desirous of making. This in itself certainly amounts to an obstruction to the free use of the plaintiff's property, and one which interferes with its comfortable enjoyment by him, and is therefore a nuisance, as defined by section seven hundred and thirty-one, Code of Civil Procedure.

The maintenance by the defendant of the west wall of his building, in the condition in which it is, is an unwarrantable use of his property which works an injury and obstruction to the right of the plaintiff to enjoy his own property, producing thereby such material annoyance, discomfort and inconvenience as, in law, imports damage to the plaintiff.

Judgment reversed and cause remanded, with directions to render judgment upon the findings not inconsistent with this opinion.