[No. 11314. Department One. — June 9, 1888.]

JOSHUA H. STALLARD, RESPONDENT, *v.* CLINTON CUSHING ET AL., APPELLANTS.

EASEMENT — OBSTRUCTION OF PRIVATE WAY — NUISANCE — INJUNCTION. — An owner of a house situated upon a private alley which is not common to the general public, but is appurtenant to the lots adjoining the same, may maintain an action to compel the removal of an obstruction in the shape of a stairway placed in the alley by an adjoining owner, and is entitled to have it abated as a nuisance by an injunction ordering its discontinuance.

APPEAL from the judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion.

*William & George Leviston*, for Appellants.

*Stewart & Herrin*, for Respondent.

FOOTE, C.—This action is to compel the removal of
an obstruction, in the shape of a stairway, placed by the
defendants in an alley through and over which the plain-
tiff has the right of way as an appurtenance to the lot
upon which stands his dwelling-house. The plaintiff
had judgment as prayed for, and from that and an order
denying a new trial the defendants have appealed.

The alley over which the right of way is alleged to
exist in favor of the plaintiff is ten feet wide, and is a
*cul-de-sac,* running easterly eighty-seven feet from Taylor
Street, near Sutter. The land on which the alley is laid
out was originally a fifty-vara lot belonging to a single
individual. He sold the easterly fifty feet of this lot to
a man named Hagerman, and divided the other part of
it into six lots in such a way as that they all abutted
on this alley. As these six lots were sold to different
parties, the right of way over this alley was reserved to
each of the purchasers in the several deeds of convey-
ance made thereto.

Stallard, the plaintiff, by and through mesne convey-
ances from the original owner of all the lots, became the
possessor of one of them so abutting on the alley, and
the defendants also of another such lot. The plaintiff's
lot is further down in the alley from Taylor Street where
the alley debouches than is that of the defendants, so
that the stairway of the defendants very materially ob-
structs the ingress and egress of the plaintiff to and from
his lot on Taylor Street.

From the evidence it is very clear to us that the alley
was never dedicated to the use of the public as a highway.
There is an absence of all appearance of any intention
so to dedicate it on the part of the man who first laid it
out and opened it, and there does not appear to have
been any acceptance of it as a street or public highway
for the general public. To the contrary, it seems to have
been intended for and used as a means of approach to
the lots and houses there situate, for the private use only

of those few persons who might dwell there, and those who approached them to minister to their wants.

Being a private way, to the unobstructed use of which the plaintiff was entitled, and which use was peculiarly his own and that of the few persons only who dwelt on the lots which had formerly comprised the fifty-vara lot, the injury which the plaintiff suffered was not one in any way common to the general public, and he was entitled to have it abated as a nuisance, as its existence violated his legal rights, which could only be maintained by an injunction ordering its discontinuance, or a resort to a multiplicity of suits for damages, which last alternative action rather than the first the law does not force him to take. (Wood on Nuisances, secs. 782, 783.)

There is no prejudicial error shown by the record, and the judgment and order should be affirmed.

BELCHER, C. C., and HAYNE, C., concurred.

The COURT.—For the reasons given the foregoing opinion, the judgment and order are affirmed.