Brickner Woolen Mills Co. vs. Henry and others.

BRICKNER WOOLEN MILLS COMPANY, Respondent, vs. HENRY and others, Appellants.

*December 6 — December 22, 1888.*

Pleading: Joinder of causes of action: Law or equity? Prayer for relief: Mills and mill dams.

A complaint alleges that the defendants wrongfully, by means of their dam and works on a river, prevent the water from coming to plaintiff's two mills in such quantities and at such times as to successfully run such mills. The facts as to each mill are stated in a separate count, and it appears that the plaintiff's right to the water as to one of his mills is as a riparian proprietor, and as to the other is under a grant, from the grantor of one of the defendants, of water from said defendant's dam. There is but one prayer for relief which is, *first,* for damages; *second,* that "defendants' dam , and works and their operation thereof be declared a private nuisance" as to one of plaintiff's mills, and that "the same, or such parts thereof as cause such injury, be abated, and that such relief be granted by perpetual injunction or otherwise," as shall seem proper; and *third,* that plaintiff's rights to water from defendants' dam and also its rights to the water of the river, as riparian proprietor, be determined and protected, and the defendants enjoined from interference therewith. *Held,* that the complaint does not improperly join two causes of action. The prayer does not ask for legal relief by the destruction or discontinuance of any part of the dam or works, but merely that the defendants' acts to the plaintiff's injury shall cease.

APPEAL from the Circuit Court for *Sheboygan* County. The case is stated in the opinion.

For the appellants there was a brief signed by *Quarles, Spence & Dyer,* of counsel, and oral argument by *Charles Quarles.* They contended, *inter alia,* that the court will determine *in limine* what the specific cause of action relied upon in each count is, and in doing so will and must look not only to the averments of the count but also to the prayer for relief and to the general frame-work of the pleading. *Kewaunee Co. v. Decker,* 30 Wis. 624–630; *Gil-*

*lett v. Treganza,* 13 id. 472; *Hammond v. Mich. State Bank,* Walker Ch. 214. Applying the tests indicated, the complaint sets up two causes of action entirely diverse in scope and object. The first count is for a private nuisance, under sec. 3180, R. S.; the second is an action for partition of water power under sec. 3149, R. S., as amended by ch. 203, Laws of 1881. These actions are so different in their procedure and methods of trial that they cannot be joined in one complaint.

For the respondent there was a brief by *Seaman & Williams,* and oral argument by *W. H. Seaman.*

ORTON, J. The defendants demurred to the complaint on the ground that two causes of action were improperly joined. This appeal is taken from the order overruling the demurrer. The complaint is long, and minutely sets out the interests of the parties in the subject matter; but for the purpose of considering this one point the cause or causes of action are very plain and simple and may be stated in few words. *First.* The plaintiff, as a corporation, is the owner of a dam and water power on the Sheboygan river, at Sheboygan Falls, and woolen mills thereon, called "Sheboygan Falls Woolen Mills," of great cost and value, and in successful operation. The defendant *Henry* is the owner of a dam and water power above on said river, and a flouring mill thereon, and he and the other defendants, who hold under him, conspired to hold back the waters of said river, by means of their dam and works, from coming down to the plaintiff's woolen mills in sufficient quantity and at such business hours as to permit of their successful operation, without right, unreasonably, and unnecessarily, to the plaintiff's great and irreparable injury. *Second.* The plaintiff owns, also, woolen mills abutting upon and extending into said river, above the others, and below the dam of the defendants, called "Riverside Woolen Mills," and ob-

tained the right from the grantor of said *Henry* to have the water of said river brought from the said dam of the defendant *Henry*, by means of a trunk, to the said woolen mills, in sufficient quantity and at proper times to run said mills profitably and successfully; and this right the plaintiff has enjoyed uninterruptedly for thirty years, and until the acts complained of. The defendants conspired, also, to prevent the waters of said river from coming down in said trunk to the plaintiff's mill in sufficient quantity and at such times as to successfully and profitably run the said mills. The defendants make a most unreasonable use of the waters of said river, to the great detriment of the plaintiff, and prevent it from enjoying its just share of the same at said woolen mills. The defendants have refused to allow the plaintiff such just share of said water power as said woolen mills are entitled to have. In short, the defendants have conspired to take away from the plaintiff's two woolen mills, by means of their dam, the share of said river and water power to which they are entitled, to the plaintiff's irreparable injury. The plaintiff alleges that it has no adequate remedy at law.

There is but one prayer, and that follows the second cause of action. The peculiar form of the prayer seems to have caused the contention on the demurrer. The prayer is not an essential part of the complaint. But the learned counsel of the appellants contend that at least one cause of action is at law, because the prayer is for an *abatement* of the defendants' mill-dam as a *nuisance*, and for $6,000 damages. It is true that the prayer asks " that defendants' said dam and works and *their operation thereof* be declared a private nuisance " as to said lower water power, etc., and " that the same, or such parts thereof as cause such injury, be *abated.*" This language is loose and inaccurate, but it certainly does not mean that any part of the dam or works shall be destroyed or discontinued, for the plaintiff is de-

pendent upon the dam for water power for the Riverside Woolen Mills. The meaning clearly is that the defendants' acts to the plaintiff's injury shall cease, and nothing more. Then an injunction is asked against the continuance of such acts, and that the plaintiff's rights to the water by said trunk, or his share of the waters of the river, be ascertained and secured. The prayer is a proper one, and consistent, as we understand it, for the case in equity.

But is there really more than one cause of action in this complaint? That the plaintiff is injured and damaged by the acts of the defendants in respect to both woolen mills, the parties being the same, would not seem to constitute two causes of action, unless the plaintiff should choose to divide the complaint into two counts and call them such. The injury in respect to both mills is alike, and continuous. The defendants prevent sufficient water to come to either one of the woolen mills of the plaintiff, and the plaintiff has already suffered damages thereby of $6,000, and the future injury will be irreparable.

But, conceding that there may be two causes of action stated in the complaint, that they are properly joined there can be no question. It is too obvious for argument. It is only the separate statement of the way or manner in which, and the means by which, the plaintiff has been and will be injured by the defendants in respect to the woolen mills. The two causes of action are like such as are stated in respect to two different tracts of land or two articles of personal property of the plaintiff, affected about the same by the wrongful acts of the defendant. That the plaintiff's rights as to one of its mills are as a riparian proprietor, and as to the other by grant from the grantor of the defendant *Henry*, can make no difference. The injury in respect to both is the same or very closely connected. A court of equity, having otherwise jurisdiction of the case, can award the damages as well as a court of law. There is nothing

complicated about the case or the question. *Douglas Co. v. Walbridge*, 38 Wis. 179; *Hurlbut v. Marshall*, 62 Wis. 590; *Leidersdorf v. Second Ward S. Bank*, 50 Wis. 406; *Childs v. Harris Mfg. Co.* 68 Wis. 231; *Patten Paper Co. v. Kaukauna W. P. Co.* 70 Wis. 659.

*By the Court.*— The order of the circuit court is affirmed, and the cause remanded for further proceedings according to law.