[No. 12443.  In Bank. — April 19, 1889.]

ANDREA GRANDONA, APPELLANT, v. OLE OLSON LOVDAL, RESPONDENT.

NUISANCE—TREES PLANTED NEAR BOUNDARY LINE—DAMAGE TO ADJOINING LAND. — A row of trees planted near a boundary line is not a nuisance as to the adjoining proprietor merely because it renders his land unfit for a purpose for which he has never attempted or wished to use it.

ID. —SLIGHT PROJECTION OF TRUNKS OF TREES ON ADJOINING LAND. — The projection of the trunks of the trees a few inches on the land of the adjoining proprietor, but not enough to prevent him from plowing and cultivating his land as near the line as he could if the trees had not been there, does not render them a nuisance.

ID. — OVERHANGING BRANCHES — ADJOINING PROPRIETOR MAY CUT. — The trees and overhanging branches, in so far as they were on or over the land of the adjoining proprietor, belonged to him, and he could have cut them off or trimmed them at his pleasure.

ID. — USE OF TREES FOR BENEFICIAL PURPOSE — CONVERSION OF OVERHANGING BRANCHES. — The fact that the owner of the land on which the trees were planted used them for a useful purpose, and converted the overhanging branches to his own use, has no effect in rendering them a nuisance.

APPEAL from a judgment of the Superior Court of Sacramento County, and from an order refusing a new trial.

The facts are stated in the opinion.

*A. P. Catlin*, and *Henry Starr*, for Appellant.

The trees in question were a nuisance. (Civ. Code, sec. 3479; Code Civ. Proc., sec. 731; *Ball* v. *Nye*, 99 Mass. 582; 97 Am. Dec. 56; *Wilson* v. *New Bedford*, 108 Mass. 261; 11 Am. Rep. 352; Wood on Nuisance, secs. 103, 106, 112, 865; *Meyer* v. *Metzler*, 51 Cal. 142; *Commonwealth* v. *Blaisdell*, 107 Mass. 234; *Grandona* v. *Lovdal*, 70 Cal. 161; Cooley on Torts, 567.)

*Freeman & Bates*, for Respondent.

The maintenance of these trees is, on defendant's part, a prudent and therefore a proper exercise of his rights of property, not hurtful to the plaintiff as an adjacent land-owner, and therefore a use of the property to which the latter must either submit or resort to such redress as may be conceded to him outside of any court of law or of equity. (*Radcliff's Executors* v. *Mayor*, 4 N. Y. 200; 53 Am. Dec. 357; *Lamb* v. *Reclamation Dist.*, 73 Cal. 125; 2 Am. St. Rep. 775.) As against adjoining proprietors, the owner of a lot may plant shade trees upon it, or cover it with a thick forest, and the injury done to them by the mere shade of the trees is *damnum absque injuria*. It is no violation of their rights. (*Bliss* v. *Ball*, 99 Mass. 598; *Pichard* v. *Collins*, 23 Barb. 459.) Even if some technical right of plaintiff has been invaded, no substantial injury has been done, and hence this action is not sustainable. (*Scott* v. *Furth*, 4 Fost. & F. 349; Wood on Nuisances, sec. 4.)

BELCHER C. C.—This action was brought to abate a nuisance, and for damages. The case was tried by the court, and judgment given for defendant, from which, and from an order denying a new trial, plaintiff has appealed.

The plaintiff owns a tract of land in Sacramento

County, containing about fifteen and one half acres, and the alleged nuisance is a line of cottonwood trees, standing about eight feet apart, along his southern boundary, for a distance of about 534 feet. The defendant owns the adjoining land, and the trees were planted by his grantor in 1865 from eight to twelve inches south of the dividing line.

The complaint alleges that the branches of the trees extend over and upon plaintiff's land, and shade the same, and thereby destroy the crops upon about an acre of his land; that the roots of the trees extend upon plaintiff's land for the distance of about thirty feet all along the line of the trees, so near the surface of the ground as to prevent him from plowing and cultivating the land; that the trees, and the branches and roots thereof, destroy the substance of plaintiff's land for a space of about sixty feet wide along the whole line of the trees, and so impoverish the same as to make it wholly unproductive; that the trunks of many of the trees have grown so that a large part of the trunks are extended over and upon plaintiff's land, and have crowded out and pushed down his fences erected upon the dividing line. It is then further alleged that the plaintiff has suffered damages in the sum of five hundred dollars, by reason of the aforesaid wrongs and injuries; that the further continuance of the same will cause him irreparable damage, and that the trees are of no use or value to defendant, and are a permanent and irreparable injury to plaintiff.

The answer denies that the trees have destroyed, or will destroy, any portion of plaintiff's crops; that the roots of the trees, or any of them, extend into plaintiff's land farther than five or six feet at any point; that such roots prevent the plaintiff from plowing or cultivating any portion of his land; that the trees, or the branches or roots thereof, destroy the substance of any part of plaintiff's land, or impoverish such land, or any part

thereof; that the trunks of the trees have crowded out or pushed down plaintiff's fence, or any part thereof; that the plaintiff has suffered any damage by reason of the trees, or any of them, or will suffer any damage by their continuance, or that the trees or any of them are an injury to plaintiff. And the answer alleges that the trees are useful and very desirable along the boundary line to mark such boundary, to fasten fences upon, and to anchor them in time of flood, and prevent their being swept away and lost; that the limbs of the trees are valuable and useful for fuel, and the trees are an ornament to both plaintiff's and defendant's lands, and enhance their beauty and value; that defendant has kept the tops of the trees trimmed to prevent their injuriously shading or otherwise injuring the adjacent lands; that plaintiff can now plow and cultivate as near his boundary as he could if only a common fence, instead of the trees, were along his boundary; and that all of such trees were standing and growing on or near said boundary line long prior to the purchase of their lands by either plaintiff or defendant, and that defendant has not planted or placed any trees in or near such line, and has done nothing to such trees or toward their maintenance other than to trim their tops to prevent their casting any large or injurious shade, and to fasten fences thereto, to maintain it in place and prevent its removal by floods or other cause.

The court found upon the issues presented as follows:—

"That said trees described in the complaint have not destroyed any portion of plaintiff's crops. The roots thereof have not prevented plaintiff from plowing or cultivating any portion of his lands, and plaintiff can now plow and cultivate as near his boundary line as he could if a common or ordinary fence, instead of such trees, were along such boundary. Plaintiff's lands have not been destroyed, nor has the substance of any part

been destroyed or impoverished by said trees, nor by the roots or branches thereof. That said trees have not pushed down plaintiff's fence, or any part thereof, though they have crowded the same over upon plaintiff's land a few inches in places where the bodies of the trees extend across the dividing line. The portion of the fence along such line near said trees has always been maintained by defendant and his grantor, they having, by an understanding with plaintiff, constructed and kept up that part of the fence, while the latter has maintained another portion of the line fence between plaintiff and defendant. In maintaining said fence in place during times of flood, the defendant has been very materially aided by such trees; and but for the use of said trees at such times as an anchorage, said fence would have floated away and been lost on at least two occasions when the levees between said lands and the Sacramento River broke, and permitted said lands to be swept by floods. That the limbs and tops of said trees have been cut off by defendant at intervals of about three years apart, for use as hoppoles and fuel, and to prevent them casting too great a shade. All of said trees, except eight or nine, were cut off about twenty feet from the ground, and trimmed, in the fall of 1885, and their limbs do not extend over plaintiff's line more than six or seven feet. The remaining eight or nine trees are by the side of defendant's barn and corral, and their shade is desirable for his stock. They are now about forty feet high, and their limbs overhang plaintiff's land about fifteen or twenty feet.

"That the defendant has not done any act with respect to said trees other than to cut and trim off their tops and branches, and to fasten fences to such trees in times of flood.

"That the plaintiff has not suffered any damage by reason of said trees, or any of them, nor will he suffer damage by their continuance, nor are they, or any of them, an injury to him."

The Code of Civil Procedure, section 731, defines an actionable nuisance as follows:—

"Anything which is injurious to health, or indecent, or offensive to the senses, or an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property, is a nuisance, and the subject of an action. Such action may be brought by any person whose property is injuriously affected, or whose personal enjoyment is lessened by the nuisance; and by the judgment the nuisance may be enjoined or abated, as well as damages recovered."

In order to maintain his action, it was necessary, therefore, for the plaintiff to prove that the trees complained of constituted a nuisance within the definition above given. The court, as we have seen, found that the plaintiff's proofs were not sufficient, and the only question is, Were the findings justified by the evidence?

In the bill of exceptions found in the transcript the evidence is not set out, but it is stated that "there was a conflict of testimony as to whether either the shade or roots of the trees injured plaintiff's land, and as to whether said roots prevented plaintiff from plowing his lands as near said fence as he otherwise could, and as to whether either the shade or roots of said trees had an injurious effect upon the crops of alfalfa which plaintiff was in the habit of growing upon that part of the land where said line of trees partly shaded them."

It is also stated that it appeared from the evidence, without conflict, that plaintiff's land was rich and valuable, and was used for raising vegetables and alfalfa, and that the effect of the branches and shade would be injurious to the growing of fruit-trees upon that part of his land which was overhung by the branches and shaded by the trees. It is also stated that "the plaintiff had never planted any fruit-trees adjacent to the line of trees in controversy, nor anywhere near them," and it is not stated that he ever proposed or intended to do so.

It is urged for appellant that the trees were a nuisance, because they interfered with and prevented his enjoying the free and full use of his land for growing fruit-trees. But we are unable to see how it can be said that land is injuriously affected, or that its owner's personal enjoyment is lessened, because he cannot use it for a purpose which he has never attempted or wished to use it for.

The cases cited in support of this point do not sustain it. In *Meyer* v. *Metzler*, 51 Cal. 142, the court said: "It is found as a fact that the projection of the defendant's west wall prevents the plaintiff from raising and repairing his own building, which improvement it is also found that he is desirous of making." And it was held that this amounted to an obstruction of the free use of the plaintiff's property, and was therefore a nuisance. In *Grandona* v. *Lovdal*, 70 Cal. 161, the complaint alleged direct and positive damage done to the plaintiff's land by the supposed nuisance, and the court held that it was not subject to a general demurrer.

In *Ball* v. *Nye*, 99 Mass. 582, 97 Am. Dec. 56, it was held that "one who maintained a vault so that with his knowledge filthy water habitually filters from it, whether above or below the surface of the ground, into land of a neighbor, where it injures a cellar and well, is liable in damages for the injury, without other proof of negligence."

In *Commonwealth* v. *Blaisdell*, 107 Mass. 234, it was simply held that steps projecting from a house into a highway so as to obstruct it are a nuisance at common law, and under the statute of Massachusetts.

It is specified that the evidence was insufficient to justify the decision, because it appeared that the trunks had crowded the division fence over and upon plaintiff's land, and thereby ousted him from a part of his land. But the plaintiff had never been called upon to repair that part of the fence, and had never been prevented from plowing and cultivating his land as near the line as he could

if the trees had not been there. His property was therefore not injuriously affected, nor his personal enjoyment lessened by the crowding. Besides, the trees and the overhanging branches, in so far as they were on or over his land, belonged to the plaintiff, and he could have cut them off or trimmed them at his pleasure. This being so, we do not see how the fact that the trees had grown so that a small part of them was on plaintiff's land could give him any cause of action.

It is further specified that the decision was contrary to the evidence, for the reason that defendant maintained the trees for the purpose of supplying himself with fuel and hop-poles, and thereby using plaintiff's land for his own profit and advantage. But how can this maintain plaintiff's contention? The fuel and hop-poles growing over plaintiff's land were his, and could have been claimed by him as against the defendant. And the fact that the balance of the limbs and branches were useful to defendant in no way harmed the plaintiff or gave him cause for complaint.

We conclude that the judgment cannot be reversed on the ground that the decision was contrary to the evidence or the law; and as no errors of law are specified or relied upon, we advise that the judgment and order be affirmed.

FOOTE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, judgment and order are affirmed.