**WOLFE, Trustee in Bankruptcy, v. KILLINGSWORTH et al.**

No. 10430—Opinion Filed March 21, 1922.

Rehearing Denied June 13, 1922. Application to File Second Petition for Rehearing Denied Sept. 26, 1922.

(Syllabus.)

1. **Appeal and Error — Record—Report of Referee—Evidence—Review.**

Under an order of reference, the referee was directed to take the testimony and report his findings of fact, and recommendations of law thereon. The referee filed his report, to which was appended all the evidence taken by him, and was made a part thereof. The report so filed was approved by the court, and incorporated in the case-made, which was acknowledged by the attorneys for the appellee as being a true, complete, and correct statement and transcript of all the pleadings, motions, orders, evidence, findings, decisions, reports, and judgments and proceedings had in the cause, and that the same was a true and correct case-made. Held, that the evidence taken by the referee was made a part of the record, and is subject to review by this court.

2. **Trusts — Resulting Trust — Burden of Proof.**

As a general rule, the law will not presume a resulting trust, except in a case of

necessity, and the burden of establishing such a trust as against the holder of the legal title is on the party who asserts it.

**3. Bankruptcy — "Assets" — Property Subsequently Acquired by Bankrupt.**

Property acquired by the bankrupt after the adjudication of bankruptcy does not pass to the trustee.

**4. Same — Judgment — Sufficiency of Evidence.**

Record examined, and found that the judgment of the trial court is not against the clear weight of evidence.

Error from District Court, Seminole County; J. W. Bolen, Judge.

Action by A. C. Aldridge against M. E. Killingsworth and another to recover land; intervention by C. Dale Wolfe, trustee of estate of G. F. Killingsworth, bankrupt. Judgment for defendant Killingsworth, and intervener brings error. Affirmed.

A. M. Fowler and C. Dale Wolfe, for plaintiff in error.

A. S. Norvell and M. E. Killingsworth, for defendants in error.

PITCHFORD, V. C. J. On May 14, 1914, A. C. Aldridge, as plaintiff, filed in the district court of Seminole county, Okla., his petition against M. E. Killingsworth and J. Van Buskirk, seeking the recovery of 60 acres of land described in the petition. Both plaintiff and defendants deraigned title from Joseph Carolina, duly enrolled as a Seminole freedman. The deed to plaintiff bears date of 23rd of May, 1908; the deed to the defendant J. Van Buskirk bears date of January 25, 1911, and the deed to the defendant M. E. Killingsworth bears date of December 13, 1912.

On December 5, 1914. C. Dale Wolfe, trustee of G. F. Killingsworth, bankrupt, filed in said cause his petition of intervention, alleging that the defendant M. E. Killingsworth was the wife of G. F. Killingsworth; that the premises involved were purchased in the name of defendant M. E. Killingsworth, as the wife of G. F. Killingsworth, at a time when the said G. F. Killingsworth was insolvent, and that the said M. E. Killingsworth and G. F. Killingsworth well knew that the said Killingsworth was insolvent; that the land was purchased at a time immediately preceding the adjudication of the said G. F. Killingsworth as a bankrupt, and was purchased with money belonging to the said G. F. Killingsworth, and was purchased and placed in the name of M. E. Killingsworth pursuant to a verbal understanding and agreement; that said property was to be purchased in the name of the defendant M. E. Killingsworth, and to be held by her for the use and benefit of her husband, G. F. Killingsworth, and to be kept in her name so as to be placed beyond the reach of the creditors of G. F. Killingsworth, and that said purchase in the name of M. E. Killingsworth was had and obtained for the purpose of and with the design to place said real estate beyond the reach of the creditors of the said G. F. Killingsworth. The defendant Van Buskirk made no defense.

On February 27, 1918, the cause was referred to John W. Willmott, Esq., "To take the testimony and hear the evidence herein and report his findings of fact, together with his recommendations of law thereon, to this court on or before the 1st day of May, 1918." On July 1, 1918, the report of the referee was filed containing the following preamble:

"Comes now John W. Willmott, duly appointed and qualified as referee herein, and respectfully reports to the court that at various times, commencing with the 19th of March, 1918, and concluding on the 16th day of April, 1918, he heard all of the evidence offered on behalf of the plaintiff, the defendants and intervener; a full, true and correct transcript of all of which evidence is hereto appended and made a part hereof, marked 'Exhibit A'."

On June 22, 1918, intervener filed his motion for new trial, which was by the court overruled. From the judgment of the trial court, we quote the following:

"Now on this the 8th day of July, 1918, the same being a regular judicial day of the June, 1918, term of said court, this cause coming on to be heard upon the report of the referee, heretofore appointed in said cause to hear and report the evidence, and his findings of fact and conclusions of law based thereon, the court hears and considers said report and the exceptions thereto filed by said plaintiff and said intervener before said referee, doth overrule said exceptions and approve and adopt said report, findings of fact and conclusions of law, to which action of the court said plaintiff and said intervener except."

The plaintiff, Aldridge, failed to appeal. The only controversy on this appeal is between the plaintiff in error, C. Dale Wolfe, who will hereafter be designated as intervener, and M. E. Killingsworth, who will hereinafter for convenience be designated as defendant.

The main ground relied upon by the intervener for reversal is that the judgment of

the trial court is against the clear weight of the evidence. The defendant, on the other hand, contends that the order referring the hearing of this cause to the referee only authorized the referee to take testimony and hear the evidence and report his findings of fact, together with his recommendations of law thereon; that the referee was not directed to report the testimony or evidence; that the record fails to disclose that any bill of exceptions was allowed by the referee; insisting that where the referee is not ordered to report the evidence, the evidence must be incorporated in a bill of exceptions before the trial court or appellate court can consider the same. We are of the opinion that this contention on the part of the defendant would be correct if nothing further appeared in the record than the order of reference.

In Kingfisher Imp. Co. et al. v. Board of County Commissioners of Jefferson County et al., 66 Okla. 220, 168 Pac. 824, it is said:

"Where a referee for the trial of a cause in the district court is not ordered to report the evidence, but is ordered to hear the evidence and report his findings of fact and conclusions of law, the evidence so taken can only be made a part of the record and subject to review by the trial or Supreme Court by having the referee allow and sign a bill of exceptions containing the evidence taken by him. In the absence of such bill of exceptions the court cannot consider the question of the sufficiency of the evidence to support the findings of the referee, and cannot consider the evidence taken before the referee for the purpose of making independent findings therefrom, or for any other purpose."

However, in the instant case, all the evidence was appended to and made a part of the report of the referee; no exceptions were filed against the report on the ground that the evidence was made a part thereof. The judgment of the trial court recited that the cause had been referred to the referee to hear and report the evidence and his findings of fact and conclusions of law based thereon. No exceptions were taken by either party to this portion of the judgment. It seems to have been understood by all the parties at the time the report was filed that the cause had been referred to the referee, not only to report his findings of fact and conclusions of law, but also to hear and report the evidence.

The attorneys representing the defendant acknowledged due, legal, and timely service of the case-made, waived the right to suggest any amendments and acknowledged the case-made as a true, complete, and correct statement and transcript of all pleadings, motions, orders, evidence, findings, decisions, reports, and judgment and proceedings had in the cause, and that the same was a true and correct case-made.

If the order of reference had ordered the referee to report the evidence heard before him, and the evidence had been made a part of the report, there is no question but the same would thereby be made a part of the record and subject to review by virtue thereof, and in that case there would have been no necessity for a bill of exceptions; and when the referee and the parties and the court recognized that the referee was to report the evidence, and the same was reported, and all this appears in the case-made and no exceptions by either party, we are of the opinion that the order of reference should be treated as authorizing the referee to report the evidence.

The legal title being in the defendant, the burden is on the intervener to establish the trust; that is, that the title of the property was held by the defendant for G. F. Killingsworth. This well-known rule is enunciated in 39 Cyc. p. 152, as follows:

"As a general rule the law will not presume a resulting trust except in a case of necessity, and the burden of establishing such a trust, as against the holder of the legal title, is on the party who asserts it. In case of resulting trust arising from payment of the purchase-money by one person and conveyance to another, the burden of proof, in the first instance, is on the party claiming the trust, to prove that the purchase was made with money or assets furnished by or belonging to him, and if it has been only a part payment, to prove the precise amount so used, as well as the total consideration."

It is insisted by the defendant that the rule controlling in the instant case is that, if there was any evidence reasonably tending to support the judgment, the judgment should not be disturbed by this court. There is no doubt of the correctness of this rule, provided this was a law action. The action as originally filed by Aldridge, against the defendant seeking to recover the possession of the land, was purely a legal action, and the parties were entitled to a trial by jury, and had the cause been tried by the jury, and the verdict returned, or if a jury had been waived and the cause tried to the court, then the rule insisted on by the defendant would obtain. But when the intervener filed his petition, seeking to have a trust declared, as against the defendant, the issues between the intervener and the defendant were purely of an equitable nature. No objections appear to have been made

by any of the parties to the order of reference. It therefore follows that the judgment of the trial court having become final as to all of the parties, except the intervener and the defendant, the action in so far as they are concerned is of equitable cognizance. This being true, this court has the power to go into and examine the evidence, and the judgment of the trial court should not be disturbed unless the same is found to be clearly against the weight of the evidence. We have carefully examined the evidence, and while we find the same to be voluminous, and more or less conflicting, and in some respects contradictory, we are not prepared to say that the following conclusions could not reasonably be drawn therefrom: That the land was purchased at the time when G. F. Killingsworth was in failing circumstances; that the first payment of $50 was borrowed from the First National Bank of Seminole, a note being executed for this amount by the said Killingsworth in the name of his wife. Two notes for $100 each, to the vendor, the name of the defendant being signed thereto by G. F. Killingsworth. Arrangements made with a brother of G. F. Killingsworth to allow Joseph Carolina, the grantor in the deed, merchandise to the amount of $150, balance of the consideration within a very short time after the date of the deed, G. F. Killingsworth made an assignment for the benefit of his creditors, and was at a later date adjudicated a bankrupt; that no part of the consideration paid for the land in controversy was taken out of the business of G. F. Killingsworth. The note executed to the bank for the $50, the two notes for $100 each, and payment for the merchandise furnished, were not paid until several months after the adjudication. At the time the assignment was made for the benefit of creditors, G. F. Killingsworth had $6.20 in cash. Soon after the assignment, he and his wife, the defendant, moved onto the farm of the defendant, and here G. F. Killingsworth labored and saved, and the major portion of the indebtedness incurred for the purchase of the land was paid with funds derived from the sale of crops raised on the farm.

It therefore follows that, as no rights of creditors were affected by the deed being made to the defendant, the trustee in bankruptcy is not entitled to have the land declared as part of the assets of the bankrupt.

The rule is stated in 7 C. J. 132, as follows:

"Property acquired by the bankrupt after the adjudication of bankruptcy does not pass to the trustee."

The court in Progressive Bldg. & Loan Co., Inc., v. Hall, 220 Fed. 45, says:

"Wages of a bankrupt earned after adjudication are not properly a part of the 'assets' to be administered."

We are not prepared to say that the judgment of the trial court is clearly against the weight of evidence. This being our conclusion, the judgment of the trial court is therefore affirmed.

JOHNSON, McNEILL, ELTING, and NICHOLSON, JJ., concur.