[Civ. No. 6537. First Appellate District, Division One.—February 20, 1929.]

CLAY CASE, Appellant, v. JOHN SISICH et al., Respondents.

Alfred Voyce and Sawyer & Sawyer for Appellant.

R. H. Countryman for Respondents.

CAMPBELL, J., *pro tem.*—This is an appeal by plaintiff from a judgment entered in favor of defendant Sisich resulting from an order sustaining a demurrer to plaintiff's second amended complaint without leave to amend.

The action is to remove a building encroachment upon the property of plaintiff alleged to be a nuisance. According to the complaint plaintiff and defendant are owners of adjoining properties, and defendant's property is improved with a building, the bay windows, cornices, finish, and extensions of which overhang and thereby encroach upon and overlap into the space above plaintiff's land. The ownership by plaintiff and defendant of their respective adjoining parcels of land is set forth in paragraphs I and II of the complaint, defendant's land being a lot thirty feet by ninty-seven feet and six inches facing on Sacramento Street between Jones and Leavenworth Streets in the city of San Francisco, while plaintiff's land is a lot L-shaped at the rear of and adjoining defendant's land and being forty feet by fifty-three feet three inches on its northerly line and sixty-seven feet six inches on its southerly line, together with a strip of land ninety-seven feet and six inches long and eight feet and nine

inches wide lying west of and adjoining the west line of defendant's land and connecting this interior lot of plaintiff with Sacramento Street. Plaintiff then in paragraphs IV, V, and VI proceeds to allege the character and extent of the encroachment as follows:

"IV. That said real property of defendants, as aforesaid, is immediately adjoining on the east, plaintiff's said land fronting on the said southerly line of Sacramento Street, and at all the times herein there has been erected and now is erecting and standing upon defendants' said land a three story wooden frame building about forty-five feet in height, which said building at all the times herein has had and still has on and in the west sidewall thereof, and as a part of its structure immediately adjoining plaintiff's said real property on the east as alleged herein twelve (12) westerly outwardly projecting bay windows, projecting westerly and outwardly three (3) feet and six (6) inches, the base of the lowest of which is about nine (9) feet higher than the top surface of the foundation land of said building, all of which bay windows, from the base of the lowest up to and including the roof of said defendants' building, and all cornices, finish and extensions attached thereto, daily and continuously overhang above and thereby encroach upon and overlap into the space above plaintiff's said land and property, immediately adjoining on the east, 18½ inches westerly beyond the true and correct easterly boundary line of plaintiff's said property. Said encroachment is not a part of the foundation of defendants' said building and can be easily removed, and as plaintiff is informed and believes and therefore alleges all of said encroachment can be removed at a total cost and expense of $250.00.

"V. Plaintiff is in the course of improving his entire said property by the construction of a steel frame and concrete 12-story first-class house thereon, thereby enhancing and increasing the market and rental value, use, possession and occupation of his entire said property, and said daily and continuous overhanging above, encroachment upon and overlapping as herein alleged at all of said times has rendered and still does now, and if permitted to remain, will at all times in the future render said property dangerous and unsafe for said use and said purposes, and thereby has obstructed and still does now obstruct, and if permitted to

remain will at all times in the future continue to obstruct the free use, occupation and possession, together with the safe and comfortable enjoyment by said plaintiff of all of said plaintiff's property as alleged herein and is preventing and delaying plaintiff in the construction of his said building on said land, all without right and against the wish, will and desire of said plaintiff.

"VI. Said overhanging above, encroachment and overlapping upon plaintiff's said property, as alleged herein, is a nuisance and injuriously affecting plaintiff's said property and the market and rental value, use, possession and occupation of plaintiff's said property by the plaintiff in the further improvements thereon as herein alleged, all to his financial damage and loss in many thousands of dollars. Said nuisance is daily and continuous, and if permitted to exist will effectually destroy the entire value of plaintiff's property, its use, possession and occupation and cause the plaintiff to suffer irreparable loss and damage, for which there is no plain, speedy and/or adequate remedy at law, to the plaintiff."

Defendant Sisich demurred, specifying as the grounds of demurrer that the second amended complaint does not state facts sufficient to constitute a cause of action, assigning fifty-three grounds of demurrer for uncertainty, urging that the second amended complaint is ambiguous in all these fifty-three particulars wherein it is specified as uncertain, and that it is unintelligible for the same fifty-three reasons. As the demurrer was sustained without leave to amend and the argument is directed principally to the question raised by the general demurrer, we will direct our discussion to such question.

Briefly stated, the complaint alleges that plaintiff owns a lot adjoining and at the rear of the lot of defendant Sisich, together with a strip of land eight feet and nine inches in width connecting this lot with Sacramento Street; that the bay windows, cornices, finish and extensions on defendant Sisich's building project out nine feet above the ground over this strip of land a distance of eighteen and one-half inches from defendant Sisich's property line, and is not a part of the foundation of defendant Sisich's building and can be easily removed and at a cost of not exceeding $250. Admitting these facts to be true, as we must as

against the demurrer, it would seem that a cause of action is stated.

This court held in *Agmar* v. *Solomon*, 87 Cal. App. 127 [261 Pac. 1029], in which case a rehearing was denied by the supreme court, that a mandatory injunction will issue against the maintenance by a land owner of an encroachment on the land of an adjoining owner to compel the removal of such encroachment, and further quoting from *Felsenthal* v. *Warring*, 40 Cal. App. 119, 120 [180 Pac. 67, 71], that "to justify the issuance of an injunction there must be substantial injury. Substantial 'injury,' however, does not involve substantial damage. The rule that a chancellor will refuse to enjoin when greater injury will result from granting than from refusing an injunction has no application where the act complained of is in itself as well as in its incidents tortious. In such case it cannot be said that injury would result from an injunction, for no man can be heard to say that he is injured by being prevented from doing to the hurt of another that which he has no right to do." The same principle is applicable to a nuisance. The encroachment, which is admitted for the purpose of the demurrer, is a nuisance (Civ. Code, sec. 3479; Code Civ. Proc., sec. 731; *Meyer* v. *Metzler*, 51 Cal. 142; *Stallard* v. *Cushing*, 76 Cal. 472 [18 Pac. 427]). ■ Where the encroachment is not upon the land but upon the space above the land, while not a trespass, it is a nuisance (*Kafka* v. *Bozio*, 191 Cal. 746 [29 A. L. R. 833, 218 Pac. 753]).

In support of the judgment respondent Sisich contends that under the State Housing Act of 1923 (Stats. 1923, p. 781), as amended in 1925 (Stats. 1925, p. 477), plaintiff could not build upon his lot without a permit from the board of works, and that a building such as it is alleged plaintiff contemplates constructing on his lot cannot be so constructed without violating the provisions of the State Housing Act. Granting this to be true, it does not in any manner excuse defendant Sisich from the penalty of maintaining a nuisance nor prevent plaintiff from having the encroachments complained of removed, which he could do whether or not any building was in the course of construction on his premises. It would seem that respondent's theory is that before plaintiff may bring an action to abate the alleged nuisance he must show that he has applied for

and secured a permit to build. In other words, respondent's right to maintain a nuisance depends on the success or failure of appellant in obtaining a permit from the board of works.

So far as plaintiff's right to have the encroachments complained of removed, it is immaterial whether a building is in the course of construction by him or whether he contemplates improving his premises by the erection of a building thereon, as he is not seeking damages by reason of being prevented from so improving his property, but seeks merely a decree directing the removal of the encroachments. Such allegation, therefore, relative to the character and extent of the building is material and redundant and may be treated as surplusage.

We have examined the authorities cited by respondent, but do not see their application to the questions raised by the demurrer, which admits the truth of the allegations of the complaint (*Simmons* v. *Briggs,* 69 Cal. App. 447 [231 Pac. 604]).

It is true the courts will not decree the removal of an encroachment where there is no direct evidence of actual damage and the encroachment complained of, as in *McKean* v. *Alliance Land Co.,* 200 Cal. 396 [253 Pac. 134], merely encroaches upon plaintiff's land from one-half to five-eighths of an inch and where the expense of removal will far exceed the damage caused, but will award damages instead. In the present case, however, the question is before the court on demurrer, and the complaint alleges that the encroachments can be removed at a cost of $250.

While what we have said has been addressed mainly to the general demurrer, we may add that in our opinion the objections urged specially are without merit.

The judgment is reversed, with direction to the trial court to overrule the demurrer.

Knight, Acting P. J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 22, 1929, and a petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 18, 1929.

All the Justices present concurred.