## DOWE v. CONNECTICUT GENERAL LIFE INS. CO.

### No. 23483–S.

District Court, N. D. California, S. D.

Jan. 29, 1945.

George K. Ford, of San Francisco, Cal., for plaintiff.

Hartley F. Peart, Howard Hassard, and George A. Smith, all of San Francisco, Cal., for defendant.

BOWEN, District Judge.

In this case, plaintiff momentarily parked his automobile in a cul-de-sac alleyway while he got out of the car to open his garage doors preparatory to putting his car in the garage. While he was opening the garage doors, the car's brakes slipped and the car started moving on the down grade of the alley. Plaintiff, observing what was occurring, quickly ran back toward the moving car to stop it, and while trying to get on the car's left side to set the hand brake he was struck by the moving car's left front fender, which threw him off balance and penned his legs against the fence along the left side of the approach to his garage.

As a result, plaintiff sustained injuries and disablement, and brings this action for triple disability indemnity under a clause of defendant's insurance contract with plaintiff providing triple indemnity for disability caused by an injury sustained by the insured while walking upon a public street. Some other word meaning a public thoroughfare or street may have been used in the policy, but as applied to the facts of this case a public street is meant as the place of coverage under the triple indemnity clause.

Since plaintiff has already received from defendant payment of $4,881.78 as single disability indemnity provided by the policy, the only claim sued for is under the triple indemnity clause, and plaintiff can recover only if he was injured while walking upon a public street within the meaning of the policy.

Was the cul-de-sac alleyway or other place where plaintiff was when he was first struck by his car a public street?

During the trial defendant's counsel stated in effect that he intended to show that plaintiff was on the approach to his garage instead of on the alleyway when the car first struck him, but I do not recall any substantial evidence to that effect. The testimony overwhelmingly establishes that plaintiff was in fact on the alleyway, in the trial referred to as easement, cul-de-sac and roadway, when his automobile first struck him and caused him to be penned between the car and the fence. The character of only the alleyway, therefore, is in question.

By certain documents in evidence the boundary streets around the outside of the block in which the alleyway is located are expressly dedicated to the use of the public, but the alleyway by such documents is subjected to only an easement for ingress and egress for the abutting lot owners and others having business with them. In the area of the alleyway the city has also a sewer and water pipe easement.

The oral testimony from the witness stand was all to the effect that such has been the only use made of the alleyway during more than nineteen years prior to the trial, except infrequent night parking on the alley by others than abutting property owners.

The width of the alleyway as originally fixed by the subdivision documents was about ten feet. To that original width, approximately five feet more was added when the alley was paved more than nineteen years ago, and the same kind of use by the same kind of people has been made of the added five feet as has been made of the original ten feet of the alley. Plaintiff and other abutting lot owners regularly pay taxes on the land in the alleyway.

Supplementing the evidence received in court, the trial judge was, by mutual arrangement and consent of the parties through their attorneys, afforded a view of the alleyway and also a demonstration by plaintiff at the place of the accident of part of the occurrences connected with the accident.

From the evidence and from such view and demonstration the court finds and concludes that the alleyway was expressly dedicated and for more than nineteen years has been actually used as ingress and egress only by abutting lot owners and others, such as grocerymen, tradesmen and servicemen, ministering to the wants of the abutting lot owners, with infrequent night parking of cars in the alley by strangers only excepted; that the alleyway is a typical cul-de-sac, a dead end or blind alley, which for the most part is in the center of only one residential block several miles from downtown San Francisco; that the alleyway extends only part way into that block serving twelve or thirteen abutting lot owners, but not serving approximately an equal number of lot owners in the same block who do not have access to the alleyway because their lots do not touch upon it; that that block is bounded by at least three well paved, well known public thoroughfares or streets (not including the alleyway) which with a so-called public Way, entirely surround that block, and every lot in the block fronts upon, and every lot owner in the block has access to, at least one of those public streets or public Way; that tradesmen and others serving the wants of property owners abutting upon the alley could use such public streets instead of the alleyway; that because the

length of that block is greater than its width and each end of the block practically comes to a point, the traveling public and the general public invariably use the surrounding public streets and have no need for the alleyway; and that the greatest use made of the alleyway is by abutting lot owners who use it primarily as an ingress and egress to and from their garages abutting on the alleyway.

■ Applicable decisions of the courts of this State upon the question of whether or not this cul-de-sac is a public street are of course controlling. Plaintiff's counsel cites a leading case in the early California Reports by the name of Stone v. Brooks, 35 Cal. 489, as support for the plaintiff's contention that this cul-de-sac in the case at bar was a public street. It may be fairly said that some of the facts in that case were not like those in this one. There the cul-de-sac was, to prospective purchasers of lots, held out as the way to get to the property when the subdivision was first sold, and there was no boundary or other street to which the lot owners abutting on the cul-de-sac, or members of the public and others going to and from those abutting lots, had access. In that respect the case at bar is different.

■ A number of other California State Court cases have been cited. It seems to this Court that the one nearest like the facts here is the case of Stallard v. Cushing, another relatively old California case reported in 76 Cal. 472, 18 P. 427. One could scarcely hope to find facts in a reported case more on all fours with the facts of the case at bar than the facts of the Stallard case are.

It seems to me the California Supreme Court had in mind a case similar to this one now before this Court when it says in the Stallard case, 76 Cal. at page 473, 18 P. at page 428, that: "From the evidence it is very clear to us that the alley was never dedicated to the use of the public as a highway. There is an absence of all appearances of any intention so to dedicate it on the part of the man who first laid it out and opened it, and there does not appear to have been any acceptance of it as a street or public highway for the general public. To the contrary, it seems to have been intended for and used as a means of approach to the lots and houses there situate for the private use only of those few persons who might dwell

there, and those who approach them to minister to their wants."

To the same effect are the rulings of the State Supreme Court of California in Demartini v. San Francisco, 107 Cal. 402, 40 P. 496, and in Gilfillan v. Shattuck, 142 Cal. 27, 75 P. 646.

I do not find any California cases, and none have been called to my attention, later than those three last mentioned, which change the rule of the California Supreme Court in the Stallard case, supra, where the facts concerning the use of a cul-de-sac were like those disclosed by the evidence in the case at bar.

It is the decision of the Court that plaintiff take nothing by his complaint and that the same be dismissed.

█ The Court does not think the prevailing party should be awarded costs in this case. Let each party pay his and its own costs.