[No. 11376.   Department One. — July 14, 1886.]

# A. GRANDONA, APPELLANT, *v.* O. O. LOVDAL, RESPONDENT.

NUISANCE — OVERHANGING TREES — ABATEMENT. — Trees whose branches extend over the land of another are only a nuisance to the extent that the branches overhang the adjoining land.   To that extent they are nuisances, and the person over whose land they extend may cut them off, or have his action for damages and an abatement of the nuisance; but he cannot cut down the trees, nor remove the branches thereof except so far as they overhang his soil.   If he is damaged by the roots of the trees projecting into his land, they may also be abated.

ID. — PLEADING — ACTION FOR ABATEMENT AND DAMAGES — MISJOINDER OF CAUSES OF ACTION. — A complaint which seeks to abate an alleged nuisance, and to recover damages for injuries caused thereby, is not demurrable for misjoinder of causes of action.

ID. — DAMAGES — SPECIFIC ALLEGATIONS OF — AMBIGUITY. — Where the complaint alleges that the nuisance has occasioned several distinct injuries to the plaintiff, the amount of the damage caused by each injury must be averred; otherwise the complaint will be ambiguous and uncertain.

APPEAL from a judgment of the Superior Court of Sacramento County.

The action was brought to compel the defendant to remove a certain line of trees on or near the boundary of his land and the land of the plaintiff, and to recover damages alleged to have been caused by reason of the existence of the trees during the preceding four years. The complaint alleged in effect that the trees had been allowed to grow to such a size that they had caused damage to the land of the plaintiff by lessening its value, and by reason of their dense shade, falling leaves, and protruding roots, and had broken down the division fence between his land and that of the defendant, so that stock belonging to the latter were enabled to trespass upon his land.   The defendant demurred to the complaint, on the grounds that it did not state facts sufficient to constitute a cause of action; that several causes of action were improperly joined and not separately stated, and that it was

ambiguous, unintelligible, and uncertain, because it did not specifically state the amount of damage resulting from either the shade, the falling leaves, or the decrease in value of the land. The demurrer was sustained, and the plaintiff declining to amend, judgment was rendered in favor of the defendant. The further facts are stated in the opinion of the court.

*Henry Starr*, and *A. P. Catlin*, for Appellant.

The trees were a nuisance. (Civil Code, sec. 3501; *Ball* v. *Nye*, 99 Mass. 582; *Wilson* v. *New Bedford*, 108 Mass. 261; Wood on Nuisance, secs. 103–106, 865; *Meyer* v. *Metzler*, 51 Cal. 142.)

*Freeman, Bates & Rankin*, for Respondent.

The remedy of plaintiff was by cutting off the overhanging branches and protruding roots. (*Countryman* v. *Lighthill*, 24 Hun, 407.)

McKINSTRY, J.—The court below sustained a demurrer to the complaint. "Trees whose branches extend over the land of another are not nuisances, except to the extent to which the branches overhang the adjoining land. To that extent they *are* nuisances, and the person over whose land they extend may cut them off or have his action for damages, and an abatement of the nuisance against the owner or occupant of the land on which they grow, but he may not cut down the *tree*, neither can he cut the branches thereof beyond the extent to which they overhang his soil." (Wood on Nuisances, sec. 112, citing *Commonwealth* v. *Blaisdell*, 107 Mass. 234; *Commonwealth* v. *McDonald*, 16 Serg. & R. 390.)

So, it would seem, he may have abated the roots projecting into his soil, at least if he has suffered actual damage thereby.

The general demurrer should have been overruled.

The defendant also demurred on the ground of the mis-

joinder of actions.   There is only one count in the complaint.   There is no direct averment therein that the trees have so grown as that any portion of the trunks are on plaintiff's land.   The averments as to the trunks having so grown as to break the dividing fence, and thus let in hogs which have destroyed plaintiff's crops, may be rejected as surplusage, and not to be treated as a statement of a separate cause of action.

While we are compelled to hold that the complaint is not subject to general demurrer, nor to a demurrer for misjoinder of actions, we think that it is ambiguous and uncertain.

Judgment affirmed.

Myrick, J., and Ross, J., concurred.