[No. 13517.  In Bank. — August 1, 1890.]

F. G. SCHNEIDER, RESPONDENT, v. J. H. BROWN ET AL., APPELLANTS.

85   205<br/>110   446<br/>85   205<br/>119   454<br/>85   205<br/>128   500<br/>85   205<br/>137   155<br/>85   205<br/>145   133.

PRACTICE — VERDICT — EQUITY CASE — INSTRUCTIONS. — The verdict of a jury in an equity case is merely advisory, and error in the instructions is immaterial.

PLEADINGS — AMENDMENT. — An amended complaint supersedes the original, and all questions in relation to the sufficiency of the latter drop out of the case.

TRESPASS — INJUNCTION — IRREPARABLE INJURY. — If the defendants are doing, and threaten to continue, acts which will destroy the plaintiff's growing crops, and will render valueless ten acres of valuable land, there is a case of irreparable injury, and an injunction should issue.

PARTIES — INJURY TO THE INHERITANCE — TENANT — CONTRACT TO FARM ON SHARES. — An injury like the above is an injury to the inheritance, and the owner may maintain the action although a tenant is in possession. The same result follows where the contract is to farm the land on shares.

APPEAL from a judgment of the Superior Court of Fresno County, and from an order refusing a new trial.

The facts are stated in the opinion.

Church & Cory, and H. S. Dixon, for Appellants.

S. J. Hinds, and J. H. Daly, for Respondent.

HAYNE, C. — This was a suit to restrain a trespass upon real property, and for damages. The trial court gave judgment for the plaintiff, and the defendants appeal.

The appeal from the order denying a new trial was not taken in time, and must be dismissed.

The appeal from the judgment was not taken within sixty days from its rendition, and therefore no question as to the insufficiency of the evidence can be raised.

The verdict of the jury was merely advisory, and therefore any error that may have occurred in the instructions is immaterial. (*Dominguez* v. *Dominguez*, 7 Cal. 426; *Sweetser* v. *Dobbins*, 65 Cal. 531.)

The original complaint was superseded by an amended complaint, and all questions as to the sufficiency of the former drop out of the case.

This leaves the question as to the sufficiency of the amended complaint as the main question to be considered. It alleges that the plaintiff was the owner and in possession of half of a quarter-section of land, and then proceeds as follows:—

"That on or about the twenty-ninth day of February, 1888, the defendants, knowingly, maliciously, and wrongfully, came upon said land with a number of teams and men, and began tearing up the soil and destroying the crops growing upon said land, and plaintiff is informed and believes that said defendants are still engaged, and intend to continue, in tearing up the said soil and destroying the crops upon said land; that the defendants threaten and give out, and intend if not restrained by injunction, to construct a large ditch across plaintiff's land, twenty feet wide and about three or four feet deep, said ditch being constructed near the southern boundary of plaintiff's land, and along the full length for about half a mile on said land, leaving a strip of land between said ditch and said southern boundary, cutting off from the other part of said plaintiff's land about ten acres,

which, without defendants' interference, is of the market
value of about two hundred dollars per acre, but which,
with said ditch and excavation thereon, said land thus
cut off from the main body of said land would be of little
or no value, and said ditch will prevent the use and cul-
tivation of the land occupied by said ditch and excava-
tion, therefore injuring and destroying the land over
which and in which said ditch is constructed, to plain-
tiff's great damage, and defendants are contemplating
and intend to divert a large quantity of water upon and
over the land of plaintiff."

We think that the foregoing makes a case of irrepara-
ble injury within the meaning of the rule on the subject.
The case of *Waldron* v. *Marsh*, 5 Cal. 120, does not lay
down the proposition that in no instance would the cut-
ting of a ditch though land produce "irreparable" in-
jury, but only that the ditch in that particular case did
not produce such injury; but the report does not inform
us what the circumstances of that particular case were,
and therefore it cannot be said that the decision applies.
In this case it is alleged not only that the defendants
are destroying the plaintiff's growing crops, but that
their acts will render valueless at least ten acres of value-
able land, and that they threaten and intend to continue
such acts.  This seems to us to be all that is necessary.

The findings are sufficient.  The contract to farm the
land on shares did not make Hern a tenant of the plain-
tiff; the parties were tenants in common of the crop.
(*Bernal* v. *Hovious*, 17 Cal. 541; 79 Am. Dec. 147.)  But
if Hern be considered a tenant of the plaintiff, the latter
would nevertheless maintain the action because the in-
jury was clearly an injury to the inheritance.

The motion for nonsuit was properly denied.  So far
as it was based upon the insufficiency of the amended
complaint, what we have said applies.  So far as it was
based upon the alleged want of proof of plaintiff's
ownership, it was without merit.  The plaintiff was in

possession (by his tenant) under color of title, and there was no evidence to rebut the presumption of ownership which this raises.

We therefore advise that the appeal from the order denying a new trial be dismissed, and that the judgment be affirmed.

Foote, C., and Belcher, C. C., concurred.

The Court.— For the reasons given in the foregoing opinion, the order denying a new trial is dismissed, and the judgment is affirmed.