[Civ. No. 3743. Second Appellate District, Division One.—October 31, 1921.]

## JAMES S. STEVENS, Appellant, v. MRS. I. H. MOON, Respondent.

[1] NUISANCES—INTRUSION OF ROOTS OF TREES INTO ADJOINING LAND —REMEDIES OF OWNER.—The growth of the roots of trees which extend into the land of another, thereby withdrawing the moisture and food constituents required in the growing of crops thereon by the owner, constitutes a nuisance which the owner may himself abate by intercepting and destroying the roots, or for which he

---

1. Right and remedies in case of encroachments of line trees across boundaries, note, 18 A. L. R. 655.

may have his action for damages and for the abatement of the nuisance against the owner or occupant of the land on which the trees grow.

[2] ID.—INTRUSION OF ROOTS—DAMAGE—EVIDENCE—FINDING.—In this action for damages and for injunctive relief against defendant who, on her own land adjoining that of plaintiff, maintained a row of growing eucalyptus trees set near the common boundary line, the roots of which intruded upon the land of plaintiff, the findings of the trial court showing that plaintiff was not damaged by the acts complained of were not supported by, but were contrary to, the evidence.

[3] ID.—RIGHT OF PLAINTIFF TO ABATE NUISANCE—ERRONEOUS JUDGMENT—APPEAL.—In such an action, the trial court having found, contrary to the evidence, that plaintiff was not damaged by the acts complained of, and thereupon rendered judgment for defendant, that judgment will not be affirmed on appeal, under section 4½ of article VI of the constitution, because plaintiff himself may abate the nuisance by cutting off the protruding roots.

[4] ID.—PRIOR ACTION IN JUSTICE'S COURT—DENIAL OF RELIEF—SUBSEQUENT DAMAGE—RELIEF.—A judgment of a justice's court denying plaintiff any relief in an action for damages because of such protruding roots will not constitute a bar to a subsequent action in the superior court for damage suffered subsequent to such prior judgment; neither will such prior judgment constitute a bar to plaintiff's equitable rights to an injunction to prevent the further continuance of the injury.

APPEAL from a judgment of the Superior Court of Los Angeles County. Charles Wellborn, Judge. Reversed.

The facts are stated in the opinion of the court.

L. B. Stanton for Appellant.

Griffith Jones and John J. Craig for Respondent.

SHAW, J.—Action for damages and injunctive relief against defendant who, on her own land adjoining that of plaintiff, maintains a row of growing eucalyptus trees set one foot from the common boundary line. Judgment went for defendant, from which plaintiff appeals.

It appears without controversy that plaintiff and defendant are owners of adjoining tracts of land, that of plaintiff lying immediately west of defendant's tract. Plaintiff has growing upon his land a walnut orchard set

out in 1914, the easterly row of trees being 20 feet distant from the boundary line common to the tracts of land; that, set in placè at about the same time and one foot east of said boundary line, defendant maintains a row of eucalyptus trees 300 feet in length, which at the time of the trial had attained a height of upward of 100 feet.

This being the situation, plaintiff, on March 9, 1920, filed his complaint, alleging, among other things, that the roots of the eucalyptus trees had at the time extended into and through the northerly 350 feet of the eastern portion of his land a distance of upward of 50 feet, by reason of which fact the east row of walnut trees were dwarfed and stunted and the soil for a distance of 50 feet from such boundary line had been deprived of moisture and plant food necessary and required in their growth and production of walnuts, all to his damage in the sum of $590.80; that by reason of the rapid growth and far-reaching extent of the root system of said trees, unless checked, he will be continuously and further damaged in that the row of trees next east and distant sixty feet from said boundary line will, due to the increasing root growth, be likewise affected, and the strip of land sixty feet in width adjoining said row of eucalyptus trees rendered valueless for the growing of walnuts or of crops of any kind. The prayer is for damages sustained by reason of injury due to the facts alleged in the complaint and for an injunction requiring defendant to abate the nuisance by checking the growth of the roots of said trees upon and into plaintiff's land.

In her answer defendant denied the material allegations of the complaint, and as separate defenses alleged: First, that any damage sustained by plaintiff and due to the alleged stunted growth of the walnut trees is directly and proximately the result of neglect on the part of plaintiff to properly irrigate, cultivate, and care for the same; second, that defendant has always carefully pruned the eucalyptus trees, and on different occasions plaintiff has pruned such portions of the trees as extended over and upon his land; third, as a plea in bar, defendant alleged that all of the matter upon which plaintiff based his cause of action had been previously adjudicated in an action between the parties in the justice's court, which action was commenced on December 20, 1918, and a trial thereof had on May 6, 1919,

which action, as shown by the complaint filed in the justice's court and set forth in defendant's answer, was to recover damages sustained by reason of plaintiff's walnut trees being stunted and the fertility of the land destroyed by the intrusion of the roots of the eucalyptus trees, in which action a judgment was rendered in favor of defendant.

That the complaint states a cause of action, we entertain no doubt. Section 3479 of the Civil Code declares that anything which is an obstruction to the free use of property so as to interfere with the comfortable enjoyment thereof is a nuisance; and section 731 of the Code of Civil Procedure provides: "An action may be brought by any person whose property is injuriously affected, or whose personal enjoyment is lessened by a nuisance, as the same is defined in section thirty-four hundred and seventy-nine of the Civil Code, and by the judgment in such action the nuisance may be enjoined or abated as well as damages recovered therefor." In *Grandona* v. *Lovdal,* 70 Cal. 161 [11 Pac. 623], the court, quoting from Wood on Nuisances, section 112, says: "Trees whose branches extend over the land of another are not nuisances, except to the extent to which the branches overhang the adjoining land. To that extent they *are* nuisances, and the person over whose land they extend may cut them off or have his action for damages, and an abatement of the nuisance against the owner or occupant of the land on which they grow." [1] The same rule must necessarily apply to a nuisance due to the growth of the roots of such trees which extend into the land of another, thereby withdrawing the moisture and food constituents required in the growing of crops thereon by the owner. While it is true that under such circumstances an owner may himself abate the nuisance by cutting off the overhanging branches or, by digging into the ground, intercept and destroy the roots, just as he might in a case where a defendant maintained a cesspool on the boundary line the poisonous waters from which percolated through his land, reaching a well of domestic water, abate the nuisance by putting in a drain pipe and conveying the waters from the cesspool, he is not bound to do so, but he has a remedy by an action to abate the nuisance.

In opposition to these views, respondent cites Corpus Juris, volume 1, page 1233, section 94, to the effect that

"one adjoining owner cannot maintain an action against another for the intrusion of roots or branches of a tree which is not poisonous or noxious in its nature; his remedy in such case is to clip or lop off the branches or cut the roots at the line," which she claims is supported by *Grandona* v. *Lovdal,* 78 Cal. 616 [12 Am. St. Rep. 121, 21 Pac. 366]. What is said in the excerpt from Corpus Juris is restricted to the roots or branches of a tree which is *not* poisonous or noxious; that is, where no injury results. In the instant case the allegations of the complaint clearly show that the roots of these trees were noxious in that the fertility of the soil through which the roots permeated was destroyed to an extent that deprived plaintiff of the use of his land. In the Lovdal case the judgment in favor of defendant therein was affirmed because it appeared from the bill of exceptions that "there was a conflict of testimony as to whether either the shade or roots of the trees injured plaintiff's land, and as to whether said roots prevented plaintiff from plowing his land as near said fence as he otherwise could, and as to whether either the shade or roots of said trees had an injurious effect upon the crops." In *Parker* v. *Larsen,* 86 Cal. 236 [21 Am. St. Rep. 30, 24 Pac. 989], it is said: "The rule is general, that, where one brings a foreign substance upon his land, he must take care of it, and not permit it to injure his neighbor. The law upon the subject is tersely expressed in the maxim, *Sic utere tuo ut alienum non laedas."* See, also, *Tuebner* v. *California St. R. R. Co.,* 66 Cal. 171 [4 Pac. 1162], *Gardner* v. *Stroever,* 89 Cal. 26 [26 Pac. 618], *Schneider* v. *Brown,* 85 Cal. 205 [24 Pac. 715], *Sullivan* v. *Royer,* 72 Cal. 248 [1 Am. St. Rep. 51, 13 Pac. 655], and *Buckingham* v. *Elliott,* 62 Miss. 296 [52 Am. Rep. 188], upholding the right of action where the roots of a tree on adjoining land invaded plaintiff's well, and wherein the court said: "It seems to be settled law that overhanging branches are a nuisance, and it must follow that invading roots are. The person intruded on by branches may cut them off; it must be true that one may cut off invading roots; it must be true that he who is injured by encroaching roots from his neighbor's tree can recover the damages sustained from them. The right of action seems clear."

[2] In order to maintain such an action it devolves upon plaintiff to show that he is or will be damaged by the acts complained of, and upon this issue the court found adversely to plaintiff. It appears from the findings, among other things, that none of the trees were permanently stunted or would have to be removed or replaced; that it is not true that said eucalyptus trees have drained or will exhaust the soil of plaintiff's land of its plant food, or have taken food value from the plaintiff's land in the sum of $250 or any sum at all; that the roots of said eucalyptus trees have to a certain extent been cut off, and all of them could be cut off without injury to the eucalyptus trees; "that plaintiff can readily abate the nuisance by cutting off the projecting roots"; that walnut trees get all their food value from water (which, we may say, is contrary to the experience of horticulturists), and that the alleged stunted walnut trees have not received as much water as the more thrifty trees in the grove; that any damage to the trees is due to the fact that they have not received sufficient water, care and cultivation. These findings and others of similar import appellant claims are wholly without support in the evidence, which, since the appeal is under the alternative method, he sets out at great length in a supplement to his printed brief. An examination of this testimony discloses no evidence whatsoever in support of the findings. On the contrary, there is no evidence to support the finding that walnut trees get all of their food value from water, or that the land upon which they were growing was not adequately irrigated, or that there was not proper care given to the trees by plaintiff. It does appear without contradiction that the roots of the eucalyptus trees had intruded into plaintiff's land to a distance of some 50 feet; that in many cases the roots surrounded the trees in the first row next to defendant's land whereon the eucalyptus trees were growing, and that by reason of the extent of such root system and the voracious feeding qualities of eucalyptus trees they had in their growth absorbed from plaintiff's land, where affected, the moisture and food value which but for their presence would have supported the growth and production of the walnut trees and without which they were stunted and dwarfed and bore little or no fruit. Respondent directs our attention to no testimony

whatever which supports the findings. [3] Her sole contention is that, since plaintiff can abate the nuisance by cutting off the roots, that is his sole remedy, by reason of which fact she argues that even conceding the findings are not supported by the evidence, nevertheless, under section 4½ of article VI of the constitution, it is the duty of this court to affirm the judgment. The contention is without merit.

[4] As to the judgment in the justice's court pleaded in bar, it appears from the record that it was an action for damages alleged to have been sustained by reason of defendant's acts prior to the filing of the complaint therein on December 20, 1918, in growing said row of eucalyptus trees. Conceding that such judgment might bar a recovery for damages prior to such time, it could not affect plaintiff's right to recover for damages sustained subsequent to said date. In no event could it bar his equitable rights to an injunction to prevent a continuance of the injury. Moreover, it appears the action was dismissed by plaintiff. Nor is there any finding as to the truth of such matter pleaded in bar. Since it was not a judgment of a court of record, and the allegations of the answer touching the matter are deemed denied, a finding thereon should have been made.

The judgment is reversed.

Conrey, P. J., and James, J., concurred.