[Civ. No. 2429. Third Appellate District.—February 20, 1922.]

# F. C. SHEVLIN, Respondent, v. A. O. JOHNSTON, Appellant.

[1] NUISANCES—INTRUSION OF ROOTS OF TREES INTO ADJOINING LAND—REMEDIES OF OWNER.—The growth of the roots of trees which extend into the land of another, to the injury of the vines, trees, and crops of the latter, constitutes a nuisance which the latter may himself abate by intercepting and destroying the roots, or for which he may have his action for damages and for the abatement of the nuisance against the owner or occupant of the land on which they grow.

[2] ID.—DEGREE OF DAMAGE SUFFERED IMMATERIAL—EXPENSE OF ABATEMENT.—The injury being of a continuing nature, increasing with the growth of the trees, the fact that the damage already suffered is slight is no reason for denying the plaintiff's prayer that the nuisance be abated; and the defendant, being the party causing the nuisance, should bear the expense of abating it.

APPEAL from a judgment of the Superior Court of Merced County. E. N. Rector, Judge. Affirmed.

The facts are stated in the opinion of the court.

1. Rights of adjoining land owners with respect to tree on or overhanging boundary line, notes, Ann. Cas. 1918B, 1157, 1171; 18 A. L. R. 655.

R. R. Fowler, James C. Nichols and Fowler & Nichols for Appellant.

Andrew R. Schottky for Respondent.

FINCH, P. J.—The defendant appeals on the judgment-roll from a judgment in favor of the plaintiff.

The complaint alleges and the court finds that the parties are adjoining land owners, their common boundary being 1,300 feet in length; that along said boundary line, from one to ten feet therefrom, there is growing a row of eucalyptus and cottonwood trees on defendant's land, spaced from six to eight feet apart; that the roots of the eucalyptus trees extend laterally a distance of 62 feet and upward and those of the cottonwood trees 30 feet and upward into plaintiff's land; that on plaintiff's land, adjacent to the division line, are growing grape-vines for a distance of 450 feet, peach trees for a distance of 485 feet, and that plaintiff grows corn, beans, and other crops along 355 feet of said line; that the roots of defendant's trees greatly injure plaintiff's vines, trees, and crops and cause cottonwood sprouts and shoots to spring up; that the plaintiff's land is rich and valuable for agricultural and fruit-raising purposes. The court found that plaintiff has suffered damage in the sum of $25 and that the damage from the growth of the roots of defendant's trees into plaintiff's land is of a continuing nature and that said growth constitutes a nuisance. The court found against defendant on his pleas of acquiescence, estoppel, and the statute of limitations and his claim that the row of trees was necessary as a windbreak and in accordance with the custom of the neighborhood. The court further found that at the time of the commencement of the action the neighborhood was thickly settled and "was dotted with many homes and covered with innumerable orchards and vineyards, which render and rendered said trees not indispensable as a windbreak for defendant."

The judgment requires "that the defendant shall abate said nuisance, either by removing said trees entirely or by constructing a trench or by building barriers sufficient to prevent the roots of said eucalyptus and cottonwood trees and the shoots and sprouts of said cottonwood trees from entering, penetrating, or growing into or upon the land of

plaintiff. . . . That said abatement shall be permanent in its nature, and that the roots, sprouts, and shoots of said trees shall not hereafter be permitted to enter, penetrate, or grow into or upon the land of plaintiff.''

Appellant urges that the findings are insufficient to support the judgment and that the court failed to find on certain issues tendered by the answer. There can be no doubt as to the sufficiency of the findings. If the issues on which the court failed to make findings be conceded to be material, it must be assumed on this appeal on the judgment-roll that no evidence was given in support of such issues.

[1] In his opening brief appellant says: ''The plaintiff certainly has the right to cut off the roots at the line. But under the findings of the court, he has no other right.'' The precise question here presented was decided adversely to appellant's contention in *Stevens* v. *Moon,* 54 Cal. App. 737 [202 Pac. 961]. In addition to the cases cited therein, the following are in point: *Ackerman* v. *Ellis,* 81 N. J. L. 1 [79 Atl. 883]; *Buckingham* v. *Elliott,* 62 Miss. 296 [52 Am. Rep. 188]; *Brock* v. *Connecticut & P. R. Co.,* 35 Vt. 373; *Gostina* v. *Ryland,* 116 Wash. 228 [199 Pac. 298].

[2] Appellant contends that under the doctrine of ''comparative injury'' the plaintiff should have been left to an action at law for damages because the injury suffered was slight in comparison with the benefit of the windbreak to the defendant. The injury was of a continuing nature and naturally would increase with the growth of the trees. The fact that the damage already suffered is slight is no reason for denying the relief given. (*Lindsay-Strathmore Irr. Dist.* v. *Superior Court,* 182 Cal. 327 [187 Pac. 1056].) It is reasonably within the power of the defendant to prevent the injury without destroying his trees, if he desires to preserve them. Under such circumstances, if it be conceded that the doctrine relied on is ever applicable to a case of the character under consideration, the party causing the nuisance should bear the expense of abating it.

The judgment is affirmed.

Hart, J., and Burnett, J., concurred.