[Civ. No. 1189. Fourth Appellate District.—November 12, 1936.]

NICHOLAS CRANCE et al., Appellants, v. ALBERT R. HEMS et al., Respondents.

Harry W. Horton for Appellants.

Hugh S. MacKinnon for Respondents.

MARKS, J.—This is an appeal from a judgment rendered after sustaining a general demurrer of Albert R. Hems, Lena Hems, M. Rugg and Jane Doe Rugg to plaintiffs' amended complaint without leave to amend, and from the order sustaining the demurrer. Such order is not appealable. (Sec. 963, Code Civ. Proc.)

It is alleged that plaintiffs are husband and wife, and are owners of land in Imperial County; that Mountain View Cemetery, a California corporation, had forfeited its charter; that at one time it had title to real property adjoining the land of plaintiffs; that defendants Albert R. Hems, Lena Hems and Frank Rallings, during the three years last past before the filing of the amended complaint, were the owners

of and in lawful possession and control of the cemetery property; that within the three years prior to the commencement of the action each defendant claimed the title to the property and had actual "possession, use, occupation, control and direction of said cemetery property", and in particular the trees growing thereon; "that all during the three years last past prior to the commencement of this action the defendants herein and each and all of them have been the owners of and in actual possession, occupation, control and direction of the" cemetery property; that defendants had planted, and have growing, a row of athel trees along the south line of five acres of the cemetery property adjoining the property of plaintiffs; that the roots of the athel trees have grown across the boundary line of plaintiffs' property and have extended into its soil; that plaintiffs have planted pecan trees upon their property, and farm crops between the rows of pecan trees; that "the pecan trees planted by these plaintiffs upon their said property have been killed, strangled and completely destroyed by the roots from said athel trees, and the farm crops and products planted by the plaintiffs upon their said property have been destroyed, curtailed and diminished", to plaintiffs' damage in the sum of $3,500. It is further alleged that the nuisance is continuing; that plaintiffs have demanded its abatement and that defendants have refused to comply with the demand. Damages and an injunction are sought by plaintiffs.

Defendants did not specially demur to the amended complaint. It is therefore unnecessary for us to notice the patent uncertainties and ambiguities in that pleading.

The case of *Grandona* v. *Lovdal,* 70 Cal. 161 [11 Pac. 623], is decisive of the question presented for our decision. In that case the plaintiff alleged damages resulting from trespass of the roots, branches and leaves, from trees growing on the adjoining property of defendant. In holding that the complaint alleged facts sufficient to constitute a cause of action the Supreme Court said:

"The court below sustained a demurrer to the complaint. 'Trees whose branches extend over the land of another are not nuisances, except to the extent to which the branches overhang the adjoining land. To that extent they *are* nuisances, and the person over whose land they extend may cut them off or have his action for damages, and an abate-

ment of the nuisance against the owner or occupant of the land on which they grow, but he may not cut down the *tree,* neither can he cut the branches thereof beyond the extent to which they overhang his soil.' (Wood on Nuisances, sec. 112, citing *Commonwealth* v. *Blaisdell,* 107 Mass. 234; *Commonwealth* v. *McDonald,* 16 Serg. & R. (Pa.) 390.)

"So, it would seem, he may have abated the roots projecting into his soil, at least if he has suffered actual damage thereby.

"The general demurrer should have been overruled."

To the same effect are *Stevens* v. *Moon,* 54 Cal. App. 737 [202 Pac. 961], *Shevlin* v. *Johnston,* 56 Cal. App. 563 [205 Pac. 1087], and *Gostina* v. *Ryland,* 116 Wash. 228 [199 Pac. 298, 18 A. L. R. 650].

Defendants admit the soundness of the rule announced in the Grandona case, *supra,* but contend that there is nothing in the amended complaint from which the inference can be drawn that athel trees or their roots are poisonous or noxious, and that such an allegation is necessary to properly plead a cause of action. This argument is answered in the case of *Stevens* v. *Moon, supra,* where it is said:

"In opposition to these views, respondent cites Corpus Juris, volume 1, page 1233, section 94, to the effect that 'one adjoining owner cannot maintain an action against another for the intrusion of roots or branches of a tree which is not poisonous or noxious in its nature; his remedy in such case is to clip or lop off the branches or cut the roots at the line', which she claims is supported by *Grandona* v. *Lovdal,* 78 Cal. 616 [12 Am. St. Rep. 121, 21 Pac. 366]. What is said in the excerpt from Corpus Juris is restricted to the roots or branches of a tree which is *not* poisonous or noxious; that is, where no injury results. In the instant case the allegations of the complaint clearly show that the roots of these trees were noxious in that the fertility of the soil through which the roots permeated was destroyed to an extent that deprived plaintiff of the use of his land. In the Lovdal case the judgment in favor of defendant therein was affirmed because it appeared from the bill of exceptions that 'there was a conflict of testimony as to whether either the shade or roots of the trees injured plaintiff's land, and as to whether said roots prevented plaintiff from plowing his land as near the fence as he otherwise could, and as

to whether either the shade or roots of said trees had an injurious effect upon the crops'. In *Parker* v. *Larsen,* 86 Cal. 236 [21 Am. St. Rep. 30, 24 Pac. 989], it is said: 'The rule is general, that, where one brings a foreign substance upon his land, he must take care of it, and not permit it to injure his neighbor. The law upon the subject is tersely expressed in the maxim, *sic utere tuo ut alienum non leadas.'* See, also, *Tuebner* v. *California St. R. R. Co.,* 66 Cal. 171 [4 Pac. 1162], *Gardner* v. *Stroever,* 89 Cal. 26 [26 Pac. 618], *Schneider* v. *Brown,* 85 Cal. 205 [24 Pac. 715] , *Sullivan* v. *Royer,* 72 Cal. 248 [13 Pac. 655, 1 Am. St. Rep. 51], and *Buckingham* v. *Elliott,* 62 Miss. 296 [52 Am. Rep. 188], upholding the right of action where the roots of a tree on adjoining land invaded plaintiff's well, and wherein the court said: 'It seems to be settled law that overhanging branches are a nuisance, and it must follow that invading roots are. The person intruded on by branches may cut them off; it must be true that one may cut off invading roots; it must be true that he who is injured by encroaching roots from his neighbor's tree can recover damages sustained from them. The right of action seems clear.' ''

In the instant case it is alleged that the trespassing roots "killed, strangled, and completely destroyed" the plaintiffs' pecan trees and "destroyed, curtailed and diminished" their farm crops and products. This allegation should be held to sufficiently allege the noxious nature of the roots to render it invulnerable to a general demurrer.

The appeal from the order is dismissed and the judgment is reversed with directions to the trial court to overrule the demurrer of the appearing defendants and to permit them a reasonable time within which to answer.

Barnard, P. J., and Jennings, J., concurred.