[Civ. No. 3970. Fourth Dist. July 28, 1950.]

CHARLES W. FICK, Respondent, v. EDWIN NILSON, Appellant.

Horton & Knox for Appellant.

James E. Marable for Respondent.

BARNARD, P. J.—This is an action for damages and for injunctive relief. The plaintiff and defendant owned adjoining lands. There was a row of "Athel" trees immediately south of defendant's south line, growing on a strip over which plaintiff's predecessor had deeded a right of way for drainage purposes to the Imperial Irrigation District. The drainage ditch ran between this row of trees and the plaintiff's citrus grove. It appears, without conflict, that the roots and branches of these trees had for many years caused serious damage to defendant's property. The evidence is conflicting as to whether the value of these trees to the plaintiff, as a windbreak, was greater or less than their detriment to his land. With the permission of plaintiff's predecessor defendant cut these trees down several times, this tree being hard to kill and having a rapid regrowth. The last of these cuttings occurred shortly after the plaintiff acquired his property. The plaintiff then had his attorney write the defendant a letter. Two years later, while the defendant was again cutting these trees and removing the stumps, this action was brought.

The complaint sought treble damages, under section 3346 of the Civil Code and section 733 of the Code of Civil Procedure, and an injunction prohibiting the defendant from molesting any trees then growing or thereafter planted on this strip. By answer and cross-complaint, the defendant alleged the impossibility of growing such trees in this place without continuous damage to his land, and sought to have the plaintiff enjoined from permitting such growth in any manner which would allow the roots or branches to interfere with his property. The court found that the defendant has no right to cut or molest such trees; that the plaintiff had been damaged in the amount of $500 by the destruction of this windbreak; and that the defendant had acted maliciously and wantonly, thus becoming liable for treble damages. It was further found, with respect to trees now growing or hereafter planted along this line, that the plaintiff has no right to permit any roots or branches to encroach upon defendant's land. Judgment was entered for $1,500 as treble damages, enjoining the defendant from molesting such trees except as to any roots or limbs extending over or into his land, and also enjoining the plaintiff from permitting any such encroachment on defendant's land.

The defendant has appealed from that part of the judgment which is in favor of the plaintiff.

Appellant's main contention is that the evidence does not justify the allowance of any damages to the respondent. It is argued that it clearly appears that these trees resulted in continuous damage to appellant's land; that the respondent refused to do anything to prevent this damage, and could have been compelled by law to do so; and that the appellant should not be penalized for doing what the respondent could have been compelled to do at his own expense.

While we sympathize with appellant's general viewpoint, he was not justified in taking the law into his own hands even to accomplish what the respondent should have done. ■ It is well established that an adjoining landowner who is injured by limbs and roots of trees on another's property may cut off the offending parts, or may sue for damages and to abate the nuisance, but may not enter the other's land and cut down the trees. (*Grandona* v. *Lovdal,* 70 Cal. 161 [11 P. 623] ; *Crance* v. *Hems,* 17 Cal.App.2d 450 [62 P.2d 395] ; *Stevens* v. *Moon,* 54 Cal.App. 737 [202 P. 961].) It would seem to follow that where such a landowner, without pursuing either of these remedies, commits a trespass and destroys the other's property he is liable for any resulting damage.

■ It is next contended that the court erred in failing to expressly find upon an issue raised, as to whether or not these roots and branches had damaged the appellant's property. It is argued that if such injury existed the appellant had the right to compel the respondent to abate the trees. His right to an abatement of the nuisance was recognized, and no prejudice appears. An implied finding sufficiently appears since the court found that the respondent had no right to permit such an encroachment, and enjoined him from so doing.

■ Appellant's final contention, that the evidence is insufficient to justify treble damages, must be sustained. As respondent concedes, to warrant treble damage in such a case it must be established that the wrongful act was one which was willful and malicious. (*Stewart* v. *Sefton,* 108 Cal. 197 [41 P. 293] ; *Butler* v. *Zeiss,* 63 Cal.App. 73 [218 P. 54] ; *Wolfsen* v. *Hathaway,* 32 Cal.2d 632, 650 [198 P.2d 1].) In the latter case, it is said:

"An award of punitive damages may not be based upon mere speculation, but rather such penalty depends upon a definite showing of a 'willingness to vex, harass, annoy, or injure . . .

And this is necessarily so, for the law, having made full compensation for the *act,* can thereafter be concerned solely with the *motive* of the act. The wrongful act has been redressed by full compensation. The improper motive which actuated it may be punished by an award of exemplary damages.' ''

The uncontradicted evidence shows that the appellant had been considerably damaged over a period of years; that the respondent would do nothing; that with the former owner's permission appellant had cut the trees several times and found this was not enough; that he believed that this damage could be prevented only by completely removing the trees; that he tried, when objection was finally made, to find out whether the respondent owned the strip on which the trees stood; that he was told at the county recorder's office that they were unable to find any record showing such ownership; and that he was advised by his attorney that the respondent had no such title. Even at the trial, the evidence of such ownership was so confusing the judge reserved his decision thereon. It clearly appears that the appellant was trying to protect his own property in a way he believed to be both rightful and not harmful, and there is no evidence tending to indicate that he acted with any malice or with any intention to injure the respondent or anyone else. While he mistook his remedy and is liable for actual damages, the evidence is not sufficient to support an award for treble damages. (*Fetterly* v. *Salyer,* 96 Cal.App.2d 240 [215 P.2d 64].)

The judgment is modified by reducing it to $500, the actual damages, and as so modified is affirmed. Each party to pay his own costs on appeal.

Mussell, J., concurred.

SHINN, P. J. — Defendant, Eric H. Kirk, appeals from an order denying his motion to set aside the plea of guilty made by him in the above entitled cause and the judgment made and entered pursuant thereto.