## Ludwig v. Creswald, Inc.

*Harry T. Rosenheim, Jr.,* for plaintiffs.

*Wisler, Pearlstine, Talone & Gerber,* for defendant.

FORREST, J., January 25, 1956.—Will a court of equity require the removal of the portion of branches of a landowner's tree which extend over and endanger an adjoining owner's property? Defendant herein has posed this question by preliminarily objecting to the complaint on the ground that plaintiffs have a full, complete and adequate remedy at law.

The well-pleaded averments of the complaint are admitted for purposes of considering this preliminary objection. Summarized they may be stated as follows: On numerous occasions branches of trees growing on defendant's property but extending over plaintiffs' ground and house have fallen on the slate roof of the house, damaging same and necessitating continual

repairs, and falling leaves from such trees continually clog the rain-gutters and spouts of the house.

It is hornbook law that: "If there is no adequate legal remedy available if the averments of his complaint are accepted as true, the plaintiff is properly in the court of equity": Anderson Pa. Civ. Pract., vol. 10, p. 209. "Equity is the special forum for relief where there has been a trespass or nuisance of a continuing and permanent character": Denhart v. Valicenti, 157 Pa. Superior Ct. 143, 145 (1945). From the averments now being considered, it appears that the condition of defendant's property constitutes such a nuisance to plaintiffs.

Defendant contends that the remedy of self-help is available to plaintiff. Thus, in Covey v. Apfel, 72 D. & C. 420, 421 (1950), the court said:

"We find no authority in Pennsylvania on this subject, but in 2 C. J. S., Adjoining Landowners, sec. 38, page 33, and in 18 A. L. R., pages 658-659, we find the law to be, in every instance where the question has been raised, that a landowner may cut or lop off overhanging branches of a tree belonging to an adjoining owner, particularly where they constitute a nuisance."

In the Covey case the question was whether the owners of the ground whereon trees are growing may *prevent* the adjacent owner from removing overhanging branches. Here the question is whether the owner of the ground wherein the trees are growing may be compelled to remove branches, insofar as they overhang the premises of an adjacent owner. In the former case it was determined that the adjacent owner had certain rights to maintain his premises as he saw fit. In this case the question is whether he has the right to compel his neighbor to take affirmative action to desist from repeated interferences with his rights. We are of the opinion that the right of self-help such as

is indicated in the Covey case is not a bar to the exercise of a legal or equitable remedy which may exist. Otherwise the law of the jungle in certain cases would be accorded the status of the sole remedy to the exclusion of the law of orderly judicial process.

We believe that in the long run neighborhood quarrels and petty litigation will be minimized rather than magnified by a rule that does not require an exercise of self-help before permitting an action to enforce legal rights. For this reason we adopt as our own the statement in 2 C. J. S. 34 §38 that: "There is some authority that the right to cut off the offending branches or roots is the sole remedy, but it is generally held that, *when some actual and sensible damage has been sustained,* the injured landowner may maintain an action for the abatement of the nuisance. . . ." (Italics supplied.) By "sensible" damage is meant substantial damage: Tanner v. Wallbrunn, 77 Mo. App. 262 (1898).

" 'Trees whose branches extend over the land of another are not nuisances, except to the extent to which the branches overhang the adjoining land (and are likely to cause substantial damage). To that extent they *are* nuisances, and the person over whose land they extend may cut them off or have his action for damages, and an abatement of the nuisance against the owner or occupant of the land on which they grow . . .' (Wood on Nuisances sec. 112 . . .)" : Grandona v. Lovdal, 70 Cal. 161, 11 P. 623 (1886). (Parenthetical words supplied). See also Shevlin v. Johnston, 56 Cal. App. 563, 205 Pac. 1087 (1922) ; Stevens v. Moon, 54 Cal. App. 737, 202 Pac. 961 (1921) ; 18 A. L. R. 659; Ackerman v. Ellis, 81 N. J. Law. 1, 79 Atl. 883 (1911).

The damages allegedly sustained by plaintiff in this case are more than trifling and, according to his con-

tention, there is a substantial likelihood that he will suffer further damages from a continual nuisance unless equitable relief is granted. Such being the case, the preliminary objection in the nature of a demurrer should be overruled.

And now, January 25, 1956, defendant's preliminary objection is overruled, and defendant is allowed 20 days from the date hereof within which to file an answer on the merits.

Exception to defendant.