[No. A061749. First Dist., Div. One. May 20, 1994.]

STEVEN A. BOOSKA et al., Plaintiffs and Appellants, v.
RAMANBHAI B. PATEL et al., Defendants and Respondents.

**COUNSEL**

Steven A. Booska and Linda Burrell for Plaintiffs and Appellants.

Honowitz & Shaw, Melvin D. Honowitz and Eric C. Shaw for Defendants and Respondents.

**OPINION**

**DOSSEE, J.**—Steven A. Booska and his wife, Gloria Booska (hereafter Booska), appeal from a summary judgment entered against them in their action against their neighbors, Ramanbhai B. and Savitriben R. Patel, and the Patels' employees (hereafter Patel). We find that there are triable issues of material fact and reverse.

### FACTUAL AND PROCEDURAL BACKGROUND

We approach an appeal from a summary judgment by reviewing the complaint and the answer to determine the relevant issues. We also examine the affidavits and separate statements of undisputed facts to ascertain the

material facts. (*United Community Church* v. *Garcin* (1991) 231 Cal.App.3d 327, 332-333 [282 Cal.Rptr. 368].) "The movant's affidavits must state facts sufficient to establish each element necessary to sustain a judgment in his favor. Unless they do, summary judgment should be denied, even though the opposing party files no affidavits whatsoever. [Citations.]" (*Baldwin* v. *State of California* (1972) 6 Cal.3d 424, 439 [99 Cal.Rptr. 145, 491 P.2d 1121].)

Booska's complaint, filed August 29, 1991, alleges the following facts. Booska owns property adjacent to Patel's property. On Booska's land is a 30- to 40-year-old Monterey pine tree, which was a part of the landscaping of the yard. The roots of the tree extended into Patel's yard. On May 11, 1991, Patel hired a contractor to excavate along the length of his yard and sever the roots of the tree down to a level of approximately three feet. According to the complaint, Patel's actions were negligently performed, with the result that the tree became unsafe, a nuisance, unable to support life, and was removed at Booska's expense. The complaint alleged causes of action for negligence, destruction of timber and nuisance.

On February 24, 1993, Patel moved for summary judgment, arguing that he had an "absolute right" to sever the roots on his property without regard to any injuries inflicted on Booska's land. The undisputed facts are that the tree grew solely on Booska's property and that the roots spread into Patel's yard and were severed by Patel. Also undisputed was that Booska subsequently had the tree removed.

Patel submitted a portion from the deposition transcript of Booska's expert, Robert Scudder, in which the expert stated that there was some cracking in Patel's walkway where it went across the tree roots, but that there were other landscape options which would avoid severing the roots. Booska submitted the declaration of Scudder, stating that the minimal damage done by the roots to Patel's property could have been avoided by appropriate pruning. Scudder also stated that Patel's action compromised the safety of the tree so as to require its removal. These latter facts regarding the existence and extent of any damage caused by the roots, the necessity for the tree's removal, and the nature of Patel's conduct remain disputed.

A hearing was held on Patel's motion on March 24, 1993. The court stated that the case of *Bonde* v. *Bishop* (1952) 112 Cal.App.2d 1 [245 P.2d 617], provided for an absolute right to sever any roots that enter an adjoining landowner's property, and granted the motion. The court's order granting summary judgment cited *Bonde* and stated that Patel had demonstrated there was no triable issue of fact as to the affirmative defense of this "privilege." The court further held that landowners acting solely on their own property

were absolutely privileged to sever roots of a neighbor's tree. Booska filed a timely notice of appeal.

DISCUSSION

■ The question, as framed by the pleadings and declarations, is the single legal issue of whether an adjoining landowner may sever roots from a neighbor's tree that have encroached on his property even if the action is done negligently or maliciously and even if no damage was caused by the tree.

On appeal, Booska concedes the principle that an adjoining landowner may cut tree limbs or roots on his property. He argues, however, that this right is limited by principles of reasonableness. Patel argues that California law has long recognized the right of a landowner to remove encroaching roots and branches from his property and that this right is absolute.

The language of "absolute right" comes from the *Bonde* case, relied upon by the trial court. (*Bonde* v. *Bishop, supra*, 112 Cal.App.2d 1, 6.) *Bonde* was an action between neighbors to declare a tree a nuisance and for damages. The evidence at trial showed that the tree in question was a 50- to 60-foot-tall oak located on defendant's property with 3 of its main branches extending about 25 feet over and 40 feet above plaintiff's property. (*Id.,* at p. 3.) One morning, a large limb smashed through plaintiff's garage, damaging the garage and a fence. Defendant refused to take any responsibility for the damage caused. Smaller branches continued to fall, one of them nearly hitting plaintiff. Plaintiff spent large amounts of time cleaning debris from the tree. The evidence established that abatement of the nuisance required only removal of the overhanging limbs and not destruction of the tree. (*Ibid.*)

In its discussion of California law regarding encroaching trees, the court stated that an adjoining landowner may remove limbs or roots that extend onto his property. In discussing whether a plaintiff could maintain an action in court to restrain encroachment, the court stated: "While it is the absolute right of a landowner to remove those portions of trees which encroach on his land whether they cause damage or not, it is rather anomalous that to obtain court help in the matter he must first prove that the encroachment constitutes a nuisance." (*Bonde* v. *Bishop, supra*, 112 Cal.App.2d at p. 6.) The court noted that, although not clear, it appeared that a landowner, who wished to act "in what is probably a more orderly manner" by applying to a court for an injunction to restrain the encroachment, had to prove the tree was a nuisance. From this comment, Patel constructs an absolute right to do whatever he likes on his property, without regard to its impact on his neighbors. This is not the law.

Patel bases his argument on the common law principle codified in Civil Code section 829, which states that "[t]he owner of land in fee has the right to the surface and to everything permanently situated beneath or above it."[1] Patel apparently does not feel bound by the maxim codified in section 3514 which states: "One must so use his own rights as not to infringe upon the rights of another."[2] Patel cites *Grandona* v. *Lovdal* (1886) 70 Cal. 161 [11 P. 623], the seminal case on the issue of encroaching tree branches, as support for his claim of absolute right. The court in *Grandona*, considering an appeal after the sustaining of a demurrer in an action to compel removal of trees on plaintiff's land, concluded that the demurrer should have been overruled. The court stated: " 'Trees whose branches extend over the land of another are not nuisances, except to the extent to which the branches overhang the adjoining land. To that extent they *are* nuisances, and the person over whose land they extend may cut them off or have his action for damages, and an abatement of the nuisance against the owner or occupant of the land on which they grow, but he may not cut down the *tree*, neither can he cut the branches thereof beyond the extent to which they overhang his soil.' [Citations.] [¶] So, it would seem, he may have abated the roots projecting into his soil, at least if he has suffered actual damage thereby." (*Id.,* at p. 162.)[3]

Patel cites other early California cases, all of which state that the adjoining owner may sever roots entering his property. (*Stevens* v. *Moon* (1921) 54 Cal.App. 737 [202 P. 961] [owner may cut roots that extend on his land and smothered crops]; *Fick* v. *Nilson* (1950) 98 Cal.App.2d 683 [220 P.2d 752] [adjoining owner who is injured by limbs and roots may cut them or sue for damages and to abate nuisance].) He also refers to a number of cases from other jurisdictions. For example, he cites *Harding* v. *Bethesda R. Cancer T. Center* (Ala. 1989) 551 So.2d 299, as a case that recognizes the right to sever encroaching roots. *Harding* was an appeal from a summary judgment in an action by the owner of the tree against adjoining owners for negligent excavation during construction on the adjacent lot. Plaintiffs claimed the root system of the trees had been cut and the tree undermined. The reviewing court noted that evidence had been presented that the excavation work was done in a "skillful, prudent, and workmanlike manner." (*Id.,* at p. 301.) Significantly, the court found that affidavits submitted by the defendant negated any claim that the cutting of the roots had been done in a negligent

---

[1] Unless otherwise indicated, all statutory references are to the Civil Code.

[2] Similarly, section 1714, subdivision (a) provides: "Every one is responsible, not only for the result of his willful acts, but also for an injury occasioned to another by his want of ordinary care or skill in the management of his property or person, . . ." This section imposes a duty on landowners to exercise reasonable care. (*Lussier* v. *San Lorenzo Valley Water Dist.* (1988) 206 Cal.App.3d 92, 103 [253 Cal.Rptr. 470].)

[3] We note that the issue of whether Patel suffered any actual damage from the roots is a disputed factual matter.

manner. Plaintiffs failed to carry their burden to show the existence of an issue of fact as to negligent excavation. (*Id.*, at p. 302.)

Neither *Grandona*, *Stevens* nor *Fick* discussed the limits on an adjoining owner's right to cut back encroaching growth. *Harding* involves an action similar to the instant one, and that court discussed a negligence cause of action, ruling in defendant's favor only because plaintiff failed to raise a triable issue as to facts indicating negligence. In the instant case, Patel has not addressed the issue of negligence in his summary judgment motion but contends that he has an unlimited right to do anything he desires on his property regardless of the consequences to others. No authority so holds. " 'No person is permitted by law to use his property in such a manner that damage to his neighbor is a foreseeable result.' " (*Parks* v. *Atwood Crop Dusters, Inc.* (1953) 118 Cal.App.2d 368, 372 [257 P.2d 653].)

Prosser and Keeton, discussing the rights and duties of a landowner, note: "He has a privilege to make use of the land for his own benefit, and according to his own desires, which is an integral part of our whole system of private property; but it has been said many times that this privilege is qualified by a due regard for the interests of others who may be affected by it. The possessor's right is therefore bounded by principles of reasonableness, so as to cause no unreasonable risks of harm to others in the vicinity." (Prosser & Keeton, Torts (5th ed. 1984) § 57, p. 386.) Similarly, in Corpus Juris Secundum, it is noted: "Each owner of adjoining land may trim on his own side trees and plants standing on the boundary line, provided he does so without unreasonable injury to the interest of his neighbor. . . . However, the rule is qualified by the right of an abutting owner to use his realty in a reasonable way." (2 C.J.S., Adjoining Landowners, § 56, p. 54.)[4] " 'It bears repetition that the basic policy of this state . . . is that everyone is responsible for any injury caused to another by his want of ordinary care or skill in the management of his property. . . . The proper test to be applied to the liability of the possessor of land . . . is whether in the management of his property he has acted as a reasonable [person] in view of the probability of injury to others . . . .' [Citation.]" (*Sprecher* v. *Adamson Companies* (1981) 30 Cal.3d 358, 371 [178 Cal.Rptr. 783, 636 P.2d 1121].) Thus, whatever rights Patel has in the management of his own land, those rights are tempered by his duty to act reasonably.

---

[4]Patel notes a difference in the legal treatment of trees growing on a boundary line and trees entirely on the property of one owner which overhang the property of another. The only difference, however, seems to be that the boundary line trees are deemed to be jointly owned by the neighbors, while the tree with a trunk solely on the property of one belongs to that one. (*Anderson* v. *Weiland* (1936) 12 Cal.App.2d 730 [55 P.2d 1242]; *Scarborough* v. *Woodill* (1907) 7 Cal.App. 39 [93 P. 383].) The boundary line cases state that one co-owner does not have the right to destroy the trees, subject to the duty of both owners to " '. . . so use his part as not unreasonably to injure or destroy the whole.' " (*Id.*, at p. 40.)

Nuisance law supports this principle. Thus, "[a]nything which is . . . an obstruction to the free use of property . . . is a nuisance." (§ 3479.) Remedies for a private nuisance are a civil action or abatement. (§ 3501.) "A person injured by a private nuisance may abate it by removing, or, *if necessary*, destroying the thing which constitutes the nuisance, without committing a breach of the peace, *or doing unnecessary injury*." (§ 3502, italics added.) Witkin notes: "A private nuisance may be abated by the party injured *at his own risk*; or he may bring a civil action for an injunction or damages or both." (11 Witkin, Summary of Cal. Law (9th ed. 1990) Equity, 140, pp. 822-823, italics added [original italics omitted].) Patel ignores the emphasized portions of the above statements, maintaining that Booska was the one who used his property unreasonably. Regardless of the truth of that statement, no evidence on that issue was presented in support of the instant summary judgment. Patel has presented no authority for his claim to an absolute right to cause harm to his neighbor. We find a passage from the court's opinion in *Bonde* v. *Bishop, supra,* 112 Cal.App.2d 1, to be applicable here: "Apparently this is one of those rows between neighbors in which the defendants are standing on what they erroneously believe to be their strict legal rights to the exclusion of any consideration of the fair, decent, neighborly and legal thing to do." (*Id.,* at p. 4.) It seems, in the instant case, that neither party has considered what would be the neighborly thing to do to resolve this problem. While we express no opinion on the appropriate outcome of this case, we find that there are disputed factual issues to be resolved.

The summary judgment is reversed and the matter remanded for further proceedings in accordance with the views expressed herein. Costs to appellants.

Strankman, P. J., and Newsom, J., concurred.

A petition for a rehearing was denied June 13, 1994, and respondents' petition for review by the Supreme Court was denied August 10, 1994.