Bedell v Long Is. Landscaping (2025 NY Slip Op 50379(U))

[*1]

Bedell v Long Is. Landscaping

2025 NY Slip Op 50379(U)

Decided on March 25, 2025

District Court Of Suffolk County, Sixth District

Blake, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 25, 2025
District Court of Suffolk County, Sixth District

Donald W. Bedell, Plaintiff,

against
Long Island Landscaping, ET AL., Defendants.

Index No. CV-3238-24/BR 

Plaintiff Pro Se
Donald Bedell
Attorney for Respondent Long Island Landscaping
William M. Gearty, Esq.
Law Offices of William Gearty
168 Smithtown Blvd.
Nesconset, NY 11767-1746

Respondent Pro Se
Lorraine Fosmire

Patricia M. Blake, J.

Plaintiff Donald W. Bedell ("Plaintiff") filed a complaint in this case on October 15, 2024 against Defendants Long Island Landscaping and Lorraine Fosmire ("Defendants"), seeking monetary damages as a result of damage to trees on Plaintiff's property. Specifically, Plaintiff alleges that his neighbor, Defendant Fosmire, hired the Co-Defendant, Long Island Landscaping, to trim Plaintiff's trees to the extent they hung over onto Defendant Fosmire's property; however, Defendant Long Island Landscaping crossed onto Plaintiff's property line without his permission and irreparably damaged his trees by cutting them back too far. Plaintiff seeks fourteen thousand ($14,000.00) dollars in compensatory damages. In addition, Defendant Long Island Landscaping has counterclaimed against Plaintiff Bedell for attorney's fees. There are no cross-claims in this case.
After presiding over a non-jury trial on February 21, 2025, this Court makes the following [*2]findings of fact and conclusions of law and issues this Decision and Order:
I. Summary of Trial
A. Plaintiff's Case
During trial, Plaintiff Bedell testified that he resides at 21 Melrose Parkway, East Patchogue, New York. Plaintiff's neighbor, Defendant Fosmire, resides at 11 Melrose Parkway, East Patchogue, New York.
On May 14, 2024, Plaintiff Bedell came home and noticed that the trees on his property had been damaged, namely, the branches on certain trees were cut to the trunk. Plaintiff's neighbor, Defendant Fosmire had hired a landscaping company, Defendant Long Island Landscaping, to trim Plaintiff's trees to the extent some branches hung over onto Defendant Fosmire's neighboring property. However, rather than trim the tree branches back to the property line (which was marked by a fence separating the two properties), the landscaping company cut the branches all the way back to the trunk. According to Plaintiff, the trees were approximately three (3) feet from the property line; thus, the landscaping company crossed onto his property by three (3) feet when it cut the tree branches back to the truck. 
Plaintiff Bedell's wife, Janice Bedell, testified on behalf of her husband. She testified that, prior to the tree trimming, Defendant Fosmire's daughter asked Janice Bedell for permission to trim the trees that were hanging over the Fosmire's property, and she gave such permission. At that time, there was no conversation regarding exactly which branches could be trimmed. On May 14, 2024, Janice Bedell came home and saw the tree branches had been trimmed back to the trunk; she then asked Martinez what he had done. Martinez told Janice Bedell he trimmed the trees, just as Fosmire had asked. Janice Bedell told Martinez that he could not cut the branches past the property line. Martinez stated, "I did what I was told." Janice Bedell then spoke with Fosmire, who told Bedell "that [cutting the tree branches back to the truck] is not what I told him to do, and by the time I saw it, it was too late." Fosmire further stated that she obtained permission to trim the trees, and "I did not realize that [Martinez] had gone all the way up [the tree to the tree trunk] to the top." Defendant Fosmire admitted that Janice Bedell had accurately described their conversation.
In support of Plaintiff Bedell's case, he submitted the following exhibits: (1) photographs taken by Plaintiff of (a) the trees after being cut and (b) the property line; (2) estimates for replacement of the trees.
Plaintiff Bedell seeks fourteen thousand ($14,000.00) dollars in compensatory damages, which is the cost of removing the existing nine (9) trees, and replacing them with totally new trees.
B. Defendants' Evidence
Defendant Lorraine Fosmire testified that she resides at 11 Melrose Parkway, East Patchogue, New York, and is the Plaintiff's neighbor. She testified that, prior to hiring Defendant Long Island Landscaping, her daughter obtained permission from Plaintiff's wife to "trim" the Bedells' trees because they hung over onto Fosmire's property. Defendant Fosmire testified that her husband had trimmed the trees back for years; but, since he recently passed away, she hired Defendant Long Island Landscaping to trim the trees. She hired Defendant Long Island Landscaping to do the landscaping on May 14, 2024, for which she paid one thousand six hundred and thirty-eight ($1,638.00) dollars, and she was satisfied with the completed job. When the Bedells objected to the completed job, Defendant Fosmire stated that "I had no idea he [Martinez] was going to cut all the way up [the tree to the trunk]." She further testified that "[i]f he [Martinez] was going to do that, he should have — [unspecified]."
In Defendant Fosmire's defense, she submitted the following exhibits, which were entered into evidence: (1) arborist's report and (2) photos.
Alex Martinez, on behalf of Defendant Long Island Landscaping, testified that he is the manager of Long Island Landscaping. Long Island Landscaping was hired by Defendant Fosmire to do landscaping on her property on May 14, 2024, including trimming nine (9) trees in the front of the property. Martinez testified that he trimmed the trees as he was instructed to do by Defendant Fosmire. According to Martinez, Fosmire told him to "go as high as possible," and "cut all the way to the top," which he did. Upon completion, Defendant Fosmire stated that she was pleased with the job Martinez had done.
In addition, Martinez admitted to crossing onto Plaintiff Bedell's property by approximately a foot or a foot and a half to trim the trees. He further testified that he chose to cut the tree branches right to the trunk (rather than to the fence-line) because "[i]f we were to go to the fence line, pretty much, it's just one little stump that you're probably looking at, maybe like not even a foot long, which a lot of people that we have done work for don't like to see that [tree branch stumps]...they [customers] prefer to see it [the tree branch] flush with the tree." He further testified that Fosmire told him that she had Plaintiff Bedell's permission to cut the branches to the trunk. Martinez conceded that he had no conversation with Plaintiff Bedell, or his wife, at any time.
Finally, Martinez testified that Defendant Fosmire paid a total of one thousand six hundred and thirty-eight ($1,638.00) dollars, for the landscaping job, which included additional yard work; Martinez estimated that the cost of trimming the nine (9) trees in the front was approximately six hundred and thirty-eight ($638.00) dollars. Martinez also testified that the cut branches were beginning to grow again.[FN1]

In Defendant Long Island Landscaping's defense, Martinez submitted the following exhibits, which were entered into evidence: (1) invoice; and (2) photos (from Long Island Landscaping).
II. Findings of Fact
Based on the credible evidence submitted during trial, this Court finds that Defendant Fosmire, residing at 11 Melrose Parkway, East Patchogue, New York, hired Defendant Long Island Landscaping to do landscaping on her property on May 14, 2024. The landscaping included trimming tree branches on nine (9) trees [Japanese Cedars and White Pines] that were located on Plaintiff Bedell's neighboring property at 21 Melrose Parkway, East Patchogue, New York.
Prior to contracting with Defendant Long Island Landscaping, Defendant Fosmire's daughter had obtained permission from Janice Bedell to trim the tree branches to the extent they hung over onto the Fosmires' property. 
On May 14, 2024, Defendant Long Island Landscaping trimmed Plaintiff's trees to the extent some branches hung over onto Defendant Fosmire's neighboring property. However, rather than trim the tree branches back to the property line (which was marked by a fence separating the two properties), Defendant Long Island Landscaping cut the branches all the way back to the trunk. In so doing, the Defendant Long Island Landscaping crossed onto Plaintiff Bedell's property by three (3) feet when it cut the tree branches back to the truck.
Defendant Fosmire paid Defendant Long Island Landscaping one thousand six hundred and thirty-eight ($1,638.00) dollars for the job.
III. Conclusions of Law
Courts have generally recognized that "vegetation penetrating adjacent property presents a type of legal problem for which the remedy of self-help can be invoked. This remedy can be generally defined as the adjoining owner's removal of branches or roots, to the extent that they protrude into his property." 65 ALR4th 603 [1988]. In addition, courts have generally prohibited the "cutting of the entire plant or tree in the exercise of self-help." Id. For example, the court in Grandona v Lovdal, 70 Cal 161, 11 P 623, 624 [1886] held that trees whose branches extended over the land of another were only nuisances to the extent of the encroachment, and the person over whose premises they hung could, inter alia, cut the branches off to the property line, but could not cut down the tree.
Pursuant to the Restatement of Torts 2d § 929, the measure of damages resulting in harm to land from a trespass is as follows:
"§ 929. Harm to Land from Past Invasions
(1) If one is entitled to a judgment for harm to land resulting from a past invasion and not amounting to a total destruction of value, the damages include compensation for
(a) the difference between the value of the land before the harm and the value after the harm; or at his election in an appropriate case, the cost of restoration that has been or may be reasonably incurred,
(b) the loss of use of the land, and
(c) discomfort and annoyance to him as an occupant."
***
Restatement of Torts 2d § 929.
In this case, Martinez admitted he encroached onto the Plaintiff's property (albeit at the direction of Fosmire) to cut the tree branches back. In so doing, Martinez violated a basic rule of tree trimming (and land use): one cannot enter another's property without express permission. Accordingly, this Court concludes that Defendant Long Island Landscaping is liable for the harm to the Plaintiff's property as a result of the trespass.
With regard to damages, Plaintiff presented no proof of the property's "diminution in value" (such as an appraisal, expert opinion). In addition, the Plaintiff presented no evidence of the cost of repair. Instead, he presented evidence of the cost of entirely removing the existing nine (9) trees, and replacing them with totally new trees; this Court declines to award replacement costs in light of the testimony and evidence that the branches have begun to regrow.
Accordingly, this Court awards to Plaintiff the cost of the tree trimming job, (estimated to be six hundred and thirty-eight ($638.00) dollars), along with punitive damages in the same amount. Defendant Long Island Landscaping's counterclaim is DENIED.
By reason of the foregoing, it is hereby:
ORDERED: Judgment for the Plaintiff in the amount of six hundred and thirty-eight ($638.00) dollars in compensatory damages, and six hundred and thirty-eight ($638.00) in punitive damages, for a total of one thousand two hundred and seventy-six ($1,276.00) dollars, plus interest from the date of incident (May 14, 2024), at a rate of nine percent (9%) per annum pursuant to CPLR § 5001 and CPLR § 5004.
Dated: March 25, 2025
Patchogue, New York
HON. PATRICIA M. BLAKE

Footnotes

Footnote 1:This testimony is supported by the arborist's report submitted by Defendant Fosmire. (See Def.'s Ex. C).